## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.                        NO. 05-0924 RB

LARRY LUJAN, KACEY LAMUNYON, and
EUGENIO MEDINA,

      Defendants.

### MOTION FOR DISCLOSURE OF GRAND JURY AND PETIT JURY DATA

COMES NOW, Defendant Larry Lujan, by and through undersigned counsel, and pursuant to the provisions of 28 U.S.C. §1867(a) and (f), the Fifth and Sixth Amendments to the United States Constitution, and *Duren v. Missouri,* 439 U.S. 357 (1979), moves this Court for an Order directing the Clerk of the United States District Court for the district of New Mexico, to make available to the defense and its expert, for inspection and photocopying, all information, data and procedures implemented in the selection of grand and petit jurors in the district of New Mexico, specifically in the Las Cruces division.  In support of this Motion, defendant states:

### Procedural Background

Mr. Lujan is presently charged under a Third Superseding Indictment with the crimes of Kidnapping Resulting in Death pursuant to 18 U.S.C. §1201(a)(1), Tampering with a Witness Resulting in Death, pursuant to 18 U.S.C. §1512(a)(1)(C), and Aiding and Abetting both of the above crimes, pursuant to 18 U.S.C. §2.  He was arraigned on all charges contained in the Third Superseding Indictment on July 17, 2007.

On July 12, 2007, the  government  filed a Notice of Intent to Seek a Sentence of Death in this case, setting forth certain statutory and non-statutory aggravating circumstances upon which it relies to support its contention that the issue of death should be submitted to the jury in this case.

### Selection of the Jury Venire

Under the provisions of 28 U.S.C. §1861, which incorporates standards established by the Sixth Amendment of the United States Constitution and the Jury Selection and Service Act, all litigants in Federal courts "shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the *district or division wherein the court convenes*". (emphasis added).  In order to demonstrate a violation of the fair cross-section requirement, defendants must show that a race, class, or other identifiable group was excluded in the jury selection process.  The legal test is whether a defendant can demonstrate that (1) the group that was excluded was distinctive in the community; (2) that the representation of this group in venires from which the jury is selected was not reasonable in relation to the total number of such persons in the community; and (3) that the deficient representation was due to a systematic exclusion of the group in the jury selection process.  *Duren v. Missouri*, 439 U.S. 357 (1979); *U.S. v. Pottorf*, 828 F.Supp. 1489 (D.Kan.1993).

Criminally charged defendants are not in a position to make their required showing under the law without access to information in the possession of the District Court Clerk concerning the selection of grand and petit juries, including information addressing how these individuals were qualified.

The equal protection guarantee, embodied in the Fifth Amendment, also safeguards the rights of those jurors who may have been excluded because of their race.  *United States v. Ovalle*, 136 F.3d 1092 (6th Cir. 1998).  The continuing standard for considering a Fifth Amendment

challenge was discussed in *Ovalle:*

> Traditionally, in order to establish a prima facie case that a jury was selected in violation of a defendant's right to equal protection, the defendant is required to meet a three-part test established by the Supreme Court in *Casteneda v. Partida,* 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977). "First , he must establish that the group excluded from the grand jury is one that is a recognizable, distinct class capable of being singled out for different treatment under the laws. Second, he must establish that the selection procedure used by the state to select grand juries is susceptible to abuse or is not racially neutral. Finally, he must establish the degree of underrepresentation occurring over a significant period of time by comparing the proportion of the excluded group in the total population to the proportion serving as grand jurors." *Jefferson v. Morgan*, 962 F.2d 1185, 1188-89 (6th Cir. 1992)(citations omitted), *cert. denied*, 506 U.S. 905, 113 S.Ct. 297, 121 L.Ed.2d 221 (1992). "Once [a defendant] has established a prima facie case, the burden shifts to the state to rebut the inference of intentional discrimination." *Id.* at 1189 (citing *Casteneda*, 430 U.S. at 495, 97 S.Ct. at 1280-81).

It is plainly evident that the use of voter registration rolls as the exclusive source list for the selection of grand and petit jurors, as is the case in the District of New Mexico, results in fewer minorities participating as jurors. *United States v. Gault*, 973 F.Supp. 1309, 1314 (D.N.M. 1997) (documenting the disparity between Hispanics and Native Americans participating in qualified jury wheels). The exclusivity of the source list used, particularly in the southern division of the District Court for the District of New Mexico, also results in substantially fewer younger people participating as jurors. It is believed that this pre-existing underrepresentation of Hispanics and individuals under 40 years of age may have unfairly influenced the selection of Mr. Lujan's grand jury and, if demonstrated and allowed to continue, may adversely influence his petit jury.

**The Defense is Entitled to Access Jury Venire Selection Data and Procedures**

"Under 28 U.S.C. § 1867(f), parties 'shall be allowed to inspect' records of the jury selection process in order to prepare motions challenging jury selection. The right to inspect jury lists is essentially unqualified." *U.S. v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986) (citing *Test v. United States,* 420 U.S. 28, 30 (1975) (*per curiam*)); *United States v. Armstrong*, 621 F.2d 951, 955 (9th

Cir. 1980). *Armstrong* acknowledges that the "right to inspect, produce, and copy such records or papers at all reasonable times" when preparing for jury challenge extends not only to qualified jurors, "but also to the master wheel." *Id.* The access provided under federal law has a price: a defendant challenging the jury selection process must exercise diligence in pursuing discovery to support such a motion. 28 U.S.C. § 1867(a). The current motion is evidence of Mr. Lujan's diligence in attempting to assess whether the federal jury selection process in New Mexico is lawful.

Defendant seeks information from the master jury wheel used for selection of the grand jury which issued all Indictments he has faced in this cause, as well as current and prospective wheels in order to assess the constitutionality of the petit jury which will hear the trial in this matter. Information which can be gleaned from master jury wheels which have been emptied are no longer protected materials under federal law. 28 U.S.C. §1867(f) (allowing disclosure of all records and papers generated for a master jury wheel once the "master jury wheel has been emptied and refilled...and all persons selected to serve as jurors before the master wheel was emptied have completed such service").

The kind of information counsel seeks includes,

(1)     a list of each member of all grand and petit jury venires who appeared for service that were drawn from the master jury wheel in effect at issuance of the first Indictment on 4/27/2005, the Superceding Indictment on 6/29/05, Third Superceding Indictment issued 7/10/07, and the current master jury wheel.

(2)     a list of all individuals excused from grand and petit service drawn from the above specified jury wheels, including their juror questionnaires, along with the reason each individual was excused from jury service (this request only concerns persons excused from service; it is not meant to include those jurors excused during jury selection in individual trials);

(3)     all information regarding the procedures and databases used to create the relevant grand and petit jury panels, including the area, by county, from which the panels were drawn;

(4)     a list, questionnaires, and all other information at the Clerk's office regarding jurors summoned for jury duty who did not appear for jury selection (no shows);

(5)     all data, including statistical information, concerning the jurors who were deemed unqualified, including the reason for their disqualification;

(6)     all statistical data concerning jurors deemed qualified for jury service;

(7)     the list of all jurors, including surnames, drawn from qualified jury wheels to form petit jury pools, including all statistical analysis of race, ethnicity, and gender for individual pools;

(8)     the list of all jurors, including surnames, drawn from the qualified jury wheels to form grand jury arrays, including all statistical analysis of race, ethnicity, and gender for each array;

(9)     a list of all individuals excused from service on grand jury arrays or petit jury pools and the reason each individual was excused;

(10)    access to all of the juror questionnaires returned to the Court for processing;

(11)    access to rosters of jurors who actually appeared for jury selection during the life of the wheel;

The examples listed are by no means exhaustive, but are merely illustrative of the kind of information that Defendant needs in order to assess the lawfulness of jury selection process within the District of New Mexico.

In making this request, the undersigned assures the Court that all members of the defense team will maintain the confidentiality of the materials as required under the District's Jury Selection

Plan, federal statutory law, 28 U.S.C. § 1867(f), and any confidentiality order to be issued.

The undersigned contacted Assistant U.S. Attorneys Maria Armijo and Mark Saltman to determine their position on this motion.  Ms. Armijo advised that she is unable to state a position on this motion until she has had an opportunity to review the scope and purpose of this request.

Billy R. Blackburn, counsel for co-defendant Eugenio Medina, has advised that he joins in this motion and the relief requested herein.

**WHEREFORE**, in order for Defendant to adequately prepare a motion challenging the jury selection process in the district of New Mexico under 28 U.S.C. §1867(a), Mr. Lujan requests that his attorneys and agents receive all of the aforementioned information and material, concerning the identity and background , together with the manner of selection of jurors for the various jury wheels and panels comprising grand and petit juries.   Counsel for Mr. Lujan requests that a hearing be held, with the appropriate personnel from the District Court Clerk's office in attendance, so that a workable and precise plan for disclosure can be mutually agreed upon.


Respectfully submitted,

FEDERAL PUBLIC DEFENDER
500 S. Main St., Suite 600
Las Cruces, NM 88001
(505) 527-6930


By Electronically filed 8/23/07
    ROBERT E. KINNEY
    MARC H. ROBERT
    COUNSEL FOR LARRY LUJAN

6

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing motion was delivered to the individuals, and in the manner set forth below on this 23rd day of August, 2007.

Maria Y.Armijo and Mark A.Saltman - by email and delivery to the U.S. Attorney's
Assistant United States Attorneys        box at the U.S. Courthouse, Las Cruces, NM
555 S. Telshor, Suite 300
Las Cruces, NM 88011

Billy R. Blackburn                       - by email and U.S. mail
Counsel for Eugenio Medina
1011 Lomas NW
Albuquerque, NM 87102
brbackburn@worldnet.att.net

Michael L. Stout                         - by email and U.S. mail
Counsel for Kacey Lamunyon
910 Lake Tahoe Ct.
Las Cruces, NM 88007
mlstout@nm.net

Jess R. Lilley                           - by email and U.S. Mail
Counsel for Kacey Lamunyon
1014 S. Main St.
Las Cruces, NM 88005
jlilley@zianet.com

Electronically filed 8/23/07
Robert E. Kinney

7