IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Cause No. CR 05-924 RB |
| § | |
| LARRY LUJAN, KACEY LAMUNYON § | |
| and EUGENIO MEDINA, § | |
| § | |
| Defendants. § | |

### MR. LUJAN'S MOTION FOR NOTICE BY THE GOVERNMENT PURSUANT TO RULE 12(b)(4)(B) AND INCORPORATED MEMORANDUM

LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, Assistant Federal Public Defenders Marc H. Robert and Robert E. Kinney, moves the Court for an Order requiring the government to make inquiry and to serve and file specific written notice and designations[1] of the matters described herein, and in support of his motion, Mr. Lujan would respectfully show the Court as follows:

1.  Mr. Lujan is charged in a Third Superseding Indictment with kidnaping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2, and murder with the intent to prevent the communication of information to federal authorities, in violation of 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C. § 2 [Doc. 145]. Not guilty pleas were entered for Mr. Lujan at his arraignment on July 18, 2007. On July 12, 2007, the government filed a notice of intent to seek the death penalty in this case [Doc. 146]. The Third Superseding Indictment includes

---

[1] Mr. Lujan submits that the "bulk" delivery of unidentified audiotapes and written materials can not suffice to meet the requirements of Rule 12(d)(2).

MOTION FOR RULE 12(B)(4)(B) NOTICE - PAGE 1

special findings (a) through (i) relating to the government's intent. Trial in this cause is scheduled for August 15, 2008.

2. Mr. Lujan requests that the Court order the government to disclose any and all evidence or information, including all information subject to disclosure under Rule 16 in the possession, custody, or control of the government, or the existence of which is known, or by the exercise of due diligence could become known to the government, which evidence or information the government presently or at any time contemplates or considers using in its evidence at trial, in order to afford the Defendant an opportunity to move for suppression.

3. In addition to such other evidence as may be subject to Rule 12(b)(4)(B), notice of the following specific evidence or information is requested pursuant to Rule 12(b)(4)(B) unless the Government has already provided written notice/transcripts/or inventories:

(a) Evidence that was obtained through any warrantless search or seizure, or that relates to or was derived from any such search or seizure regarding Mr. Lujan;

(b) Evidence that was obtained through the execution of any search or seizure warrant, or that relates to or was derived from any such warrant regarding Mr. Lujan;

(c) Evidence that was obtained through any electronic or mechanical surveillance or tape recordings, or that relates to or was derived from any such surveillance or recordings regarding Mr. Lujan;

(d) Evidence that was obtained through any use of a beeper or other tracking device, or that relates to or was derived from any such beeper or other tracking device regarding Mr. Lujan;

(e) Evidence that was obtained through any use of a mail cover, or that relates to or was derived from any such mail cover regarding Mr. Lujan;

  (f) Any evidence relating to the exhibition or display of Mr. Lujan's photograph, likeness, image, or voice recording to anyone, not then employed by a law enforcement agency regarding Mr. Lujan;

  (g) Any written, recorded, or oral statements of Mr. Lujan, or any other written, recorded, or oral statements by others intended to be offered as a statement of Mr. Lujan.

4. Mr. Lujan further requests that any evidence or information that falls within Rule 12(b)(4)(B) be specifically identified from among the items of other discovery that will be produced, or has already been produced, pursuant to Rule 16.

## MEMORANDUM OF AUTHORITY

5. In order to expedite preparation for trial and to avoid necessary interruptions during trial to hear suppression or exclusion issues, a means is now provided under Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure for early notice and pretrial litigation of such questions. Rule 12(b)(4)(B) provides:

> **At the Defendant's Request.** At the arraignment or as soon thereafter as is practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

6. The means and method set forth in Rule 12(b)(4)(B) is this motion, calling upon the government to advise Mr. Lujan of certain specific evidence which may arguably be subject to challenge or suppression. By such disclosure, Mr. Lujan is alerted to the necessity, if it exists, of making an appropriate motion to challenge or suppress. This motion requests notice of evidence "arguably" subject to challenge or suppression. If an argument properly can be made, counsel is entitled to the opportunity to make it.

7.  Also, although Rule 12(b)(4)(B) speaks only of evidence that the government intends to use in its case-in-chief, federal courts have the inherent authority to require the government to give notice of such evidence that the government intends to use in rebuttal or otherwise. *See United States v. Richter*, 488 F.2d 170, 173-74 (9th Cir. 1973). Such notice is required to "protect[] the trial from error and enable[] the defense at the most appropriate time to obtain a ruling on the usability by the prosecution of important evidence." *Battle v. United States*, 345 F.2d 438, 440 (D.C. Cir. 1965).

8.  Furthermore, it is requested that the Court require the government to specifically identify any evidence or information within the category of Rule12(b)(4)(B) separate and apart from any items of other discovery that will be produced pursuant to Rule 16. It is not the intent or purpose of Rule 12(b)(4)(B) that the government simply reply that its Rule 12(b)(4)(B) evidence is contained "somewhere" within the mass of discovery items provided under Rule 16. Specific identification of Rule 12(b)(4)(B) evidence is essential to enable counsel to prepare effectively, to conserve judicial time and resources, and if appropriate, to afford an opportunity to move to suppress. *See Battle, supra*.

9.  The undersigned counsel have conferred with Assistant United States Attorneys Maria Armijo and Mark A. Saltman concerning this motion. The government opposes this motion.

WHEREFORE, LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, respectfully prays that this Court will grant the relief requested herein, and grant such other and further relief to which the Court may find Mr. Lujan to be justly entitled.

>Respectfully Submitted,
>
>FEDERAL PUBLIC DEFENDER
>500 S. Main St., Suite 600
>Las Cruces, NM  88001
>(505) 527-6930
>Fax (505) 527-6933
>
>*filed electronically on September 10, 2007*
>MARC H. ROBERT
>ROBERT E. KINNEY
>Assistant Federal Public Defenders
>Las Cruces Office
>
>*Counsel for Larry Lujan*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Notice Pursuant to Rule 12(b)(4)(B) was served on the following persons by e-mail and physical service on September 10, 2007:

| | |
|---|---|
| Maria Armijo<br>Mark A. Saltman<br>Assistant United States Attorneys<br>500 S. Telshor, Suite 300<br>Las Cruces, New Mexico 88011 | Billy R. Blackburn<br>1011 Lomas Blvd NW<br>Albuquerque, New Mexico 87102<br>*Counsel for Mr. Medina* |
| Jess R. Lilley<br>1014 S. Main<br>Las Cruces, New Mexico 88005<br>*Counsel for Mr. Lamunyon* | Michael L. Stout<br>910 Lake Tahoe Ct.<br>Las Cruces, New Mexico 88007<br>*Counsel for Mr. Lamunyon* |

>*filed electronically on September 10, 2007*
>MARC H. ROBERT

L:\Robert\lujan\discovery pleadings\final discovery motions\12b4b discover motion.wpd