IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v.  § | Cause No. CR 05-924 RB |
| § | |
| LARRY LUJAN, KACEY LAMUNYON § | |
| and EUGENIO MEDINA, § | |
| § | |
| Defendants. § | |

**MR. LUJAN'S MOTION FOR DISCLOSURE OF INFORMATION
CONCERNING THE DECISION TO SEEK THE DEATH PENALTY
AND INCORPORATED MEMORANDUM**

LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, Assistant Federal Public Defenders Marc H. Robert and Robert E. Kinney, moves the Court for an order requiring the disclosure of the information and material described below, and in support of his motion, Mr. Lujan would respectfully show the Court as follows:

1.  Mr. Lujan is charged in a Third Superseding Indictment with kidnaping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2, and murder with the intent to prevent the communication of information to federal authorities, in violation of 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C. § 2 [Doc. 145]. Not guilty pleas were entered for Mr. Lujan at his arraignment on July 18, 2007. On July 12, 2007, the government filed a notice of intent to seek the death penalty in this case [Doc. 146]. The Third Superseding Indictment includes special findings (a) through (i) relating to the government's intent. Trial in this cause is scheduled for August 15, 2008.

2. The government filed the notice of its intention to seek Mr. Lujan's death after the completion of a process prescribed in significant part by Department of Justice regulations and procedures. Those procedures included, in this case, a meeting among counsel for the defendants and counsel for the government, in December, 2006; the submission by counsel for the (then) three death penalty eligible defendants of a document urging the government not to seek the execution of the accused; the submission by the U.S. Attorney's office for the District of New Mexico of a summary of the case and the recommendation of the United States Attorney (then David Iglesias) regarding the decision to seek death; and a meeting among counsel for Mr. Lujan, counsel for the government and a DOJ committee charged with making the decision concerning authorization.

3. In order to insure that a sentence of death is not imposed in an arbitrary and capricious manner and that the capital sentencing process in this case meets the requirements of the Due Process Clause of the United States Constitution, Mr. Lujan requests that the Court order the government to disclose to defense counsel the United States Attorney's initial recommendation and supporting documentation. Without being fully informed of the process that may lead to the imposition of a death sentence against him, Mr. Lujan cannot adequately assert his right to be sentenced pursuant to a fair process. *See Gardner v. Florida*, 430 U.S. 349, 361 (1977) ("Without full disclosure of the basis for the death sentence, the . . . capital-sentencing procedure would be subject to the defects which resulted in the holding of unconstitutionality in Furman v. Georgia.").

4. It is anticipated that Mr .Lujan's counsel will file various motions attacking the Notice of Intent to Seek the Death Penalty at the appropriate time. The recommendation of

the United States Attorney and supporting documentation may contain information relevant, material and important to those anticipated motions. Unless these materials are disclosed, the Court will be unable to make a reliable determination of whether the process under which Mr. Lujan may be sentenced meets the standards of the Due Process Clause and the Eighth Amendment.

5. Even if the Court finds that disclosure of the requested materials to defense counsel is not warranted, the Court should review these materials to determine if they contain exculpatory information and in particular, the existence of mitigating factors or circumstances. Due Process forbids a prosecutor from suppressing "evidence favorable to an accused upon request ... where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *See Sawyer v. Whitley*, 505 U.S. 333, 349-50 (1992) (noting that capital defendant's *Brady* claim went to both guilt/innocence phase and aggravating circumstance in sentencing phase, Court found no clear and convincing evidence that but for constitutional violation at sentencing hearing no reasonable juror would have found defendant eligible for death sentence).

6. This Court also should review the materials to determine if there is a substantial risk that the final decision to seek the death penalty in this case was influenced by Mr. Lujan's race. See *McCleskey v. Kemp*, 481 U.S. 279, 292-93 (1987).

7. The undersigned counsel has conferred with the government concerning this motion. The government opposes this motion.

**CONCLUSION**

In order to insure that the death penalty is not imposed in an arbitrary and capricious manner, the Court must compel the government to disclose the initial recommendation of the Untied States Attorney, along with the supporting documentation, to the defense. In the alternative, the Court should review the materials *in camera* to determine if they contain exculpatory information that must be disclosed to the defense or information that could support a defense challenge to the Notice of Intent to Seek the Death Penalty, either on the basis of Mr. Lujan's race (or the race of the decedent, Dana Joseph Grauke), or any other legally cognizable basis.

WHEREFORE, LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, respectfully prays that this Court will grant the relief requested herein, and grant such other and further relief to which the Court may find Mr. Lujan to be justly entitled.

Respectfully Submitted,

FEDERAL PUBLIC DEFENDER
500 S. Main St., Suite 600
Las Cruces, NM  88001
(505) 527-6930
Fax (505) 527-6933

*filed electronically on September 10, 2007*
MARC H. ROBERT
ROBERT E. KINNEY
Assistant Federal Public Defenders
Las Cruces Office

*Counsel for Larry Lujan*

### CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion for Disclosure of Information Concerning the Decision to Seek the Death Penalty was served on the following persons by e-mail and physical service on September 10, 2007:

| | |
|---|---|
| Maria Armijo<br>Mark A. Saltman<br>Assistant United States Attorneys<br>555. S. Telshor, Suite 300<br>Las Cruces, New Mexico 88011 | Billy R. Blackburn<br>1011 Lomas Blvd NW<br>Albuquerque, New Mexico 87102<br>*Counsel for Mr. Medina* |
| Jess R. Lilley<br>1014 S. Main<br>Las Cruces, New Mexico 88005<br>*Counsel for Mr. Lamunyon* | Michael L. Stout<br>910 Lake Tahoe Ct.<br>Las Cruces, New Mexico 88007<br>*Counsel for Mr. Lamunyon* |

                                              *filed electronically on September 10, 2007*
                                              MARC H. ROBERT

L:\Robert\lujan\discovery pleadings\final discovery motions\authorization discovery motion.wpd

**MOTION FOR DISCLOSURE OF INFORMATION CONCERNING AUTHORIZATION  - PAGE 5**