IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. CR 05-924 RB |
| LARRY LUJAN, KACEY LAMUNYON and EUGENIO MEDINA, | § § § § | |
| Defendants. | § § | |

**MR. LUJAN'S MOTION FOR DISCLOSURE OF INFORMATION RELATING TO DNA EVIDENCE AND TESTING AND INCORPORATED MEMORANDUM**

LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, Assistant Federal Public Defenders Marc H. Robert and Robert E. Kinney, moves the Court for an Order requiring the prosecution to produce pretrial the following described information relating to the collection and analysis of DNA evidence, and in support of his motion, Mr. Lujan would respectfully show the Court as follows:

1. Mr. Lujan is charged in a Third Superseding Indictment with kidnaping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2, and murder with the intent to prevent the communication of information to federal authorities, in violation of 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C. § 2 [Doc. 145]. Not guilty pleas were entered for Mr. Lujan at his arraignment on July 18, 2007. On July 12, 2007, the government filed a notice of intent to seek the death penalty in this case [Doc. 146]. The Third Superseding Indictment includes special findings (a) through (i) relating to the government's intent. Trial in this cause is scheduled for August 15, 2008.

2. The government has advised defense counsel that DNA testing has been performed on evidence collected in connection with the investigation of this case. Additionally, counsel are advised that DNA evidence has been collected and analyzed regarding another case, a double homicide, with respect to which Mr. Lujan has been charged in New Mexico state court. In order for counsel to adequately assess the evidence, and to be able to retain experts to assist counsel in preparing for trial and possibly presenting evidence at trial, disclosure of the following information is requested. Disclosure of the following described information is essential to the provision of effective assistance of counsel and due process to Mr. Lujan, as required by the Fifth, Sixth and Eighth Amendments to the United States Constitution.

3. Mr. Lujan requests disclosure of scientific materials pertaining to all DNA testing performed in this case, by whatever method performed. This request applies to all DNA testing which has been, is currently being, or will be performed in the instant case. In the event that new materials responsive to this request are produced, discovered, or otherwise come into the possession of the government or its agents after the filing of this motion and any related order, Mr. Lujan requests the Court order that said materials be provided to Mr. Lujan's counsel without delay. If more than one laboratory handled, or had custody of samples tested in this case, Mr .Lujan requests the disclosure of the requested information as to each such laboratory. Mr. Lujan requests that the government also address this request to any laboratory that handled or had custody of samples before or after DNA testing. Relevant laboratories include, but are not limited to, crime labs, commercial DNA testing facilities, and government DNA testing facilities.

4.  <u>Specific requests</u>. Mr. Lujan specifically requests the disclosure of the following items. As to each request for disclosure, Mr. Lujan requests that the government provide legible copies of all documents described in each request.

4.1  <u>Case file</u>: Mr. Lujan requests disclosure of the complete case file in this case, including all notes of any analyst or peer reviewer, and all records reflecting any DNA, serological, quantitation, and/or statistical testing or analysis in the instant case. For materials that are represented in any format other than black and white paper copies, please provide copies which are equivalent in content and quality (that is, photographic quality copies of photographs and Polaroids, CD-ROM or ZIP disc copies of computerized data).

4.2  <u>Documents relied upon in performing testing</u>: Mr. Lujan requests disclosure of all documents which were, or are claimed to have been, followed or relied upon in executing, interpreting and/or reporting the DNA tests performed in the instant case, including standard operating protocols (SOPs) of the DNA testing laboratory; instructions provided by manufacturers of commercial test kits ("package inserts" and "user's guides"); and protocols and manuals relating to instruments and/or software.

4.3  <u>STR database</u>: Mr. Lujan requests disclosure of the following materials for STR databases which were used or relied upon in performing the statistical test in this case: complete database or databases on a computer readable CD in a format such that the multi-probe genotype is given for each sample tested; copies of all documents related to the source or origin of samples in any such databases, including the method by which samples were collected, the background and/or characteristics of the individuals who were the source of the samples, the choice of populations and sub-populations which were sampled, and the nature

of the sampling procedure which was used to collect the samples; and laboratory notes and computer data files.

     5.    <u>STR frequency tables</u>: Mr .Lujan requests disclosure of any STR frequency tables relied upon in performing the statistical test in this case.

     6.    <u>Chain of custody and current disposition of evidence</u>: Mr. Lujan requests disclosure of all chain of custody documents for each item of evidence subjected to DNA testing starting with the first description or 'log entry' for each item through to the current disposition of that item of evidence.  This information should include documentation which indicates where and how the materials were stored (temperature and type of container), the amount of evidence material which was consumed in testing, the amount of material which remains, and where and how the remaining evidence is stored (temperature and type of container).

     7.    <u>Data files</u>: Mr. Lujan requests disclosure of all data files used and created in the course of performing STR testing and subsequent analysis of STR data in this case.  These files should include all data necessary to independently reanalyze the raw data and reconstruct the analysis performed in this case.  These materials should include, but not be limited to project files; matrix files, including the data used to compile the matrix files; sample sheets; injection lists; firmware memory files (stored in ABI 310 memory backup); additional Genotyper files, including category list, templates, stationery pad documents, and unedited

step list; and any additional computer files, including data utility program, log file, electrophoresis history.[1]

8. <u>Records of trouble-shooting or problems during testing</u>: Mr. Lujan requests disclosure of any laboratories records or other materials which document any trouble-shooting, repairs, modifications, or changes which were made to the genetic analyzer instrument used in the instant case. These materials should include copies of any notes, or records of communications, relating to trouble-shooting which had to be done on the instrument, including calls to technical support lines and visits by field technicians to repair instrument; records of any changes that were made to the instrument in the course of testing samples in this case, including replacement of parts such as a laser or CCD virtual camera; records of all computer resets or reboots which had to be done during the testing in the instant case, including soft reset, cold boot, and/or clear memory reset; and records of all incidents in which manual control was used to override genetic analyzer presets.

9. <u>Developmental validation</u>: Mr. Lujan requests disclosure of any developmental validation studies undertaken by the laboratory which performed the STR DNA testing in this case (pursuant to TWGDAM Guidelines 4.1, 4.2, and 4.4., and DAB Standards 8.1.1 and 8.1.2). These materials should include copies of laboratory notebooks and computer data files.

---

[1]Requests 6 and 7 pertain to computer data files, software programs, and other software-related materials, such as macros, templates, etc. For commercially available software which was used *unmodified* in this case, a sufficient response would indicate the name of the software item (program, macro, or other item being claimed as proprietary), the manufacturer and the version used in this case. In the event that any commercial software item was modified in any way in the testing undertaken in this case, please provide either (i) a copy of the modified software item or, (ii) a detailed list of the changes or modifications which were made with regard to the software item as used in this case.

**MOTION FOR DISCLOSURE OF DNA EVIDENCE - PAGE 5**

10. <u>Internal validation</u>: Mr. Lujan requests disclosure of any internal validation studies undertaken by the laboratory which performed the STR DNA testing in this case (pursuant to TWGDAM Guideline 4.5 and DAB Standard 8.1.3).  These materials should include copies of laboratory notebooks and computer data files.

11. <u>Contamination/Error/Unexpected Occurrences or Corrective Action Logs</u>: Mr. Lujan requests disclosure of all contamination/error/unexpected occurrences or corrective action logs which are be kept pursuant to DAB Standard 14.1 or which are kept for any other reason. These records should include but not be limited to any record of multi-loci matches within any database).

12. <u>Information on the uniqueness of genetic profiles</u>: Mr. Lujan requests disclosure of the following: records and documentation of any nine (9) loci or more matches between individuals in the convicted offender database whose DNA profiles were typed using either or both Profiler Plus and Cofiler, or Identifiler, which resulted from searches of unknown evidence samples against the convicted offender database; records and documentation of any nine (9) loci or more matches between individuals whose DNA profiles were typed using either or both Profiler Plus and Cofiler, or Identifiler, which resulted from searches of convicted offender samples for quality control/quality assurance or research purposes; all records and documents of matches between individuals with nine (9) or more loci that were determined to be different individuals, regardless of their source, including reports from local and county crime labs, or any other laboratory or facility besides the CODIS lab.  No identifying information need be provided; all records and documents of matches made between evidence and a convicted offender profile, where, after investigation, Cal-DOJ or a local or

county lab or police or sheriff's department determined that it was impossible or unlikely for the convicted offender to be the perpetrator of the crime which resulted in the databank hit; and all standard operating procedures, policy manuals and quality control/quality assurance manuals for convicted offender database sampling, including but not limited to the reporting of multiple hits to one profile and documentation of multiple hits to one profile; or in the alternative, please provide a copy of all convicted offender samples, absent identifying information in a searchable format. This database should be provided as an electronic file consisting of the complete genetic profiles (multilocus genotypes) of every individual in the convicted offender database. Explanatory material such as the order of loci on the file and the characters used for missing data should also be indicated.

13. <u>Proficiency tests</u>: Mr. Lujan requests disclosure of all STR proficiency tests which have been undertaken by any analyst and/or peer reviewer who performed the STR testing or review in this case. These materials should include for each proficiency test (i) the complete proficiency test case file, (ii) computer data files, (iii) evaluations and/or reports by the testing agency, and (iv) records maintained pursuant to TWGDAM Guideline 9.3 and DAB Standard 13.1.1.

14. <u>Accreditation</u>: Mr. Lujan requests disclosure of all licenses or other certificates of accreditation held by the DNA testing laboratory.

15. <u>Audits</u>: Mr. Lujan requests disclosure of any internal or external audits conducted for purposes of acquiring or maintaining accreditation or any other purpose.

16. <u>Laboratory personnel</u>: Mr. Lujan requests disclosure of a current résumé and job description for each person involved in conducting or reviewing the DNA testing performed

in this case, as well as any *Brady* material relevant to impeaching the credibility of such person or of the laboratory in which such person works, including, but not limited to, any internal or external documentation relating to investigations by the Inspector General.

17.     This request for disclosure is based on Mr. Lujan's rights to effective assistance of counsel and due process pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution.  "The essence" of the Sixth Amendment right to the assistance of counsel "is the opportunity for a defendant to consult with an attorney and to have the attorney investigate the case and prepare a defense for trial." *Michigan v. Harvey*, 494 U.S. 344, 348 (1990) (citing *Powell v. Alabama*, 287 U.S. 45, 58, 71 (1932)).  "The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 656 (1984).  The requested evidence is necessary for Mr. Lujan to prepare his defense and receive effective assistance of counsel.

18.     Failure to disclose the evidence may be a due process violation under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. "[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87.  Additionally, a criminal court possesses some inherent discovery power. *See, e.g., United States v. Golyansky*, 291 F.3d 1245, 1248-49 (10th Cir.2002) (upholding discovery order requiring disclosure of *Brady* material as it became available).

19. The undersigned counsel believe that the pretrial disclosure of the requested matters is essential to the provision of effective assistance of counsel, and to Mr. Lujan's entitlement to due process.

20. The undersigned counsel have conferred with Assistant United States Attorneys Maria Armijo and Mark A. Saltman concerning this motion. The government opposes this motion.

WHEREFORE, LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, respectfully prays that this Court will grant the relief requested herein, and grant such other and further relief to which the Court may find Mr. Lujan to be justly entitled.

Respectfully Submitted,

FEDERAL PUBLIC DEFENDER
500 S. Main St., Suite 600
Las Cruces, NM  88001
(505) 527-6930
Fax (505) 527-6933

*filed electronically on September 10, 2007*
MARC H. ROBERT
ROBERT E. KINNEY
Assistant Federal Public Defenders
Las Cruces Office

*Counsel for Larry Lujan*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Disclosure of DNA evidence was served on the following persons by e-mail and physical service on September 10, 2007:

Maria Armijo
Mark A. Saltman
Assistant United States Attorneys
555 S. Telshor, Suite 300
Las Cruces, New Mexico 88011

Jess R. Lilley
1014 S. Main
Las Cruces, New Mexico 88005
*Counsel for Mr. Lamunyon*

Billy R. Blackburn
1011 Lomas Blvd NW
Albuquerque, New Mexico 87102
*Counsel for Mr. Medina*

Michael L. Stout
910 Lake Tahoe Ct.
Las Cruces, New Mexico 88007
*Counsel for Mr. Lamunyon*

*filed electronically on September 10, 2007*
MARC H. ROBERT

L:\Robert\lujan\discovery pleadings\final discovery motions\dna discovery motion.wpd

**MOTION FOR DISCLOSURE OF DNA EVIDENCE - PAGE 10**