IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. CR 05-924 RB |
| | § | |
| LARRY LUJAN, KACEY LAMUNYON | § | |
| and EUGENIO MEDINA, | § | |
| | § | |
| Defendants. | § | |

**MR. LUJAN'S MOTION FOR EARLY DISCLOSURE OF MATERIAL COVERED
BY THE JENCKS ACT OR RULE 26.2 OF THE FEDERAL RULES
OF CRIMINAL PROCEDURE AND INCORPORATED MEMORANDUM**

LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, Assistant Federal Public Defenders Marc H. Robert and Robert E. Kinney, move this Court for an order requiring early disclosure of material otherwise described under the Jencks Act and Fed.R.Crim.P. 26.2, and in support of his motion, Mr. Lujan would respectfully show the Court as follows:

1.  Mr. Lujan is charged in a Third Superseding Indictment with kidnaping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2, and murder with the intent to prevent the communication of information to federal authorities, in violation of 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C. § 2 [Doc. 145]. Not guilty pleas were entered for Mr. Lujan at his arraignment on July 18, 2007. On July 12, 2007, the government filed a notice of intent to seek the death penalty in this case [Doc. 146]. The Third Superseding Indictment includes special findings (a) through (i) relating to the government's intent. Trial in this cause is scheduled for August 15, 2008.

2. The Jencks Act, 18 U.S.C. § 3500, and Fed.R.Crim.P. 26.2 provide that upon motion by the defense, the prosecution must provide to the defense any statement made by a testifying witness immediately after the witness' direct testimony. *Sendejas v. United States*, 428 F.2d 1040, 1046 (9th Cir.), *cert. denied*, 400 U.S. 879 (1970); *United States v. Wilkerson*, 456 F.2d 57, 61 (6th Cir. 1972), *cert. denied*, 408 U.S. 926; *United States v. Algie*, 667 F.2d 569, 571 (6th Cir. 1982). The defense is then theoretically able to use that statement during the cross examination of the witness.

3. In reality, the disclosure of witness statements after the witnesses' testimony during trial often leaves the defense with no alternative but to seek a continuance of the trial in order to properly evaluate the statement, conduct needed investigation and provide constitutionally adequate and effective assistance of counsel. It is rare that a witness' prior statement fails to vary from testimony at trial, sometimes in material ways. Even where a witness' testimony is consistent with a prior statement, matters disclosed in the statement, and restated in testimony, cannot be properly addressed by the defense in the absence of an opportunity to investigate the factual matters contained in the statement and the testimony. Cross examination of such a witness in the absence of an opportunity to investigate and evaluate the witness' statement often prevents defense counsel from performing even a marginally adequate job of defending a person accused of a serious crime, facing serious penalties.

4. Jencks Act material has been disclosed well before trial in at least two other New Mexico federal death penalty cases. In *United States v. Haworth*, CR 95-491 LH, Jencks material was disclosed at least three months before trial. In *United States v. Gonzales, et al*,

CR 95-538 MV, Jencks Act material was ordered disclosed upon defense request, without reference to trial date or the date or time of the particular witness' testimony.

5. In most such situations, the prosecution has had the witnesses' statements for a long time, and have had a chance to conduct its own investigation. The prosecution thus has an opportunity to thoroughly prepare for trial as to all the witnesses who will be testifying in the effort to convict the accused. Denying the defense an opportunity to know the contents of a witness' prior statement, when the prosecution has had a prolonged and complete opportunity to evaluate and investigate the statement and prepare for trial armed with that information, is a classic trial-by-ambush. Where a defendant faces prison time, such a disparity in the opportunity to prepare is indefensible. When a defendant faces execution at the hands of the government, such a disparity calls into question the legitimacy of our system of jurisprudence.

6. Ironically, if Mr. Lujan were defending himself against a claim for money damages, injunctive relief or some other civil remedy, he would have numerous tools to assist him in preparing for trial and learning the nature of the case and witnesses arrayed against him. He would be able to propound interrogatories to the opposing party requesting detailed information about the identity of witnesses and the substance of their testimony. He would be permitted to request the disclosure of written materials pertaining to potential percipient witnesses, including disclosure of prior statements made by each of those potential witnesses. The rules of procedure would require the opposing party to provide that information. Mr. Lujan would then be permitted to depose each of the witnesses, and even people who may not be called to testify against him, in order to discover what knowledge of the facts each of the

witnesses possesses.  He would be permitted an opportunity to investigate his case based on the prior disclosures of the opposing party and use the fruits of that investigation to prepare for the deposition of the witness.  He would then, after using all those tools available to civil litigants, be able to evaluate the case for possible settlement, and failing that, to fairly and fully prepare for trial.  These are the mechanisms inherent in civil litigation, where mere money is at stake.  The parties to litigation involving an automobile accident meeting federal jurisdictional requirements would have these tools available, as would the litigants in a complex civil case with millions at stake.  In none of those cases, however, are the litigants' liberty, or their very lives, at stake.

7. Here, where the government seeks to kill Mr. Lujan at the end of the litigation, these rules, the Jencks Act and Rule 26.2, operate to deny Mr. Lujan the benefits of discovery available to the defendant in a $75,000 interstate car wreck claim.

8. Mr. Lujan and his counsel recognize, and appreciate, that the government has provided material which would be considered Jencks Act material, and hope that the practice will continue.  Because the government is currently under no obligation to do so, however, defense counsel have no way of knowing whether there are materials which could be critical to the investigation and preparation of a defense, and the provision of effective assistance of counsel, which have not been provided.

9. Mr. Lujan requests that the Court order the disclosure of Jencks/Rule 26.2 material not less than 180 days before trial, February 17, 2008.  This request will help to facilitate an orderly process of pretrial preparation and litigation, and a more orderly trial.

10. Death penalty cases are different. The Supreme Court has so opined many times. *See, e.g., Abdul-Kabir v. Quarterman*, ___ U.S. ___, 127 S.Ct. 1654, 1665 n.9 (2007). "[E]very member of this Court has written or joined at least one opinion endorsing the proposition that because of its severity and irrevocability, the death penalty is qualitatively different from any punishment, and hence must be accompanied by unique safeguards ...." *Spaziano v. Florida*, 469 U.S. 447, 469 (1985) (Stevens, J, joined by Brennan and Marshall, JJ, concurring in part and dissenting in part); *Woodson v. North Carolina*, 428 U.S. 280, 304-305 (1976) ("[T]he penalty of death is qualitatively different . . ."). When facing questions of this sort, courts should and must recognize that adequate preparation is essential to ensuring reliability. Congress has, even in a bygone era, recognized how fundamentally different death penalty cases are and recognized this in the area of discovery. 18 U.S.C. §3432 states that a "person charged with...[a] capital offense" must receive a witness list before trial, notwithstanding the practice in noncapital cases. *See generally*, 18 U.S.C. §3005 (1969) [two lawyers "learned in the law" shall "immediately" be assigned to whomever faces a capital indictment. "This venerable statute was first enacted as §29 of the Act of April 30, 1790; 1 Stat. 118...it has existed continuously since..." *United States v. Watson*, 496 F.2d 1125, 1126 n.1 (4th Cir. 1973)]; Rule 24(b), Fed.R.Crim.P. [additional peremptory challenges].

11. Mr. Lujan's request is made based on the Fifth and Sixth Amendments to the United States Constitution. Mr. Lujan's rights to due process, to a fair trial and to effective assistance of counsel, outweigh the dictates of both Congressional enactment and court-made rule. *See, e.g.*, *Davis v. Alaska*, 415 U.S. 308 (1974) (defendant was denied constitutional right to confront witnesses by state policy protecting anonymity of juvenile offenders).

12. The undersigned counsel have conferred with Assistant United States Attorneys Maria Armijo and Mark A. Saltman concerning this motion. The government opposes this motion.

WHEREFORE, LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, respectfully prays that this Court will grant the relief requested herein, and grant such other and further relief to which the Court may find Mr. Lujan to be justly entitled.

Respectfully Submitted,

FEDERAL PUBLIC DEFENDER
500 S. Main St., Suite 600
Las Cruces, NM  88001
(505) 527-6930
Fax (505) 527-6933

*filed electronically on September 10, 2007*
MARC H. ROBERT
ROBERT E. KINNEY
Assistant Federal Public Defenders
Las Cruces Office

*Counsel for Larry Lujan*

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing Motion for Early Disclosure of Jencks Act Material was served on the following persons by e-mail and physical service on September 10, 2007:

| | |
|---|---|
| Maria Armijo | Billy R. Blackburn |
| Mark A. Saltman | 1011 Lomas Blvd NW |
| Assistant United States Attorneys | Albuquerque, New Mexico 87102 |
| 555 S. Telshor, Suite 300 | *Counsel for Mr. Medina* |
| Las Cruces, New Mexico | |
| | |
| Jess R. Lilley | Michael L. Stout |
| 1014 S. Main | 910 Lake Tahoe Ct. |
| Las Cruces, New Mexico 88005 | Las Cruces, New Mexico 88007 |
| *Counsel for Mr. Lamunyon* | *Counsel for Mr. Lamunyon* |

                *filed electronically on September 10, 2007*
                MARC H. ROBERT

L:\Robert\lujan\discovery pleadings\final discovery motions\early jencks motion.wpd