IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. CR 05-924 RB |
| | § | |
| LARRY LUJAN, KACEY LAMUNYON | § | |
| and EUGENIO MEDINA, | § | |
| | § | |
| Defendants. | § | |

### MR. LUJAN'S MOTION FOR DISCLOSURE OF EXCULPATORY INFORMATION AND INCORPORATED MEMORANDUM

LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, Assistant Federal Public Defenders Marc H. Robert and Robert E. Kinney, moves the Court for an Order requiring the prosecution to produce pretrial all exculpatory information and materials, and in support of his motion, Mr. Lujan would respectfully show the Court as follows:

1. Mr. Lujan is charged in a Third Superseding Indictment with kidnaping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2, and murder with the intent to prevent the communication of information to federal authorities, in violation of 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C. § 2 [Doc. 145]. Not guilty pleas were entered for Mr. Lujan at his arraignment on July 18, 2007. On July 12, 2007, the government filed a notice of intent to seek the death penalty in this case [Doc. 146]. The Third Superseding Indictment includes special findings (a) through (i) relating to the government's intent. Trial in this cause is scheduled for August 15, 2008.

2. Pursuant to the government's obligations under the Fifth, Sixth and Eighth Amendments to the United States Constitution, and Mr. Lujan's right to effective assistance of counsel, due process and a fair trial, Mr. Lujan requests disclosure of each of the following described categories of information and materials.

3. Any evidence in the possession of the government, the existence of which is known, or by the exercise of due diligence could become known to the government, tending to show that any individuals who may be called as government witnesses have given conflicting or contradictory statements regarding their involvement in this case, the involvement of defendant, and/or the involvement of any alleged associate, accomplice, co-conspirator or co-defendant.

4. Any evidence in the possession of the government, the existence of which is known, or by the exercise of due diligence could become known to the government, which would tend to show that any co-defendant, co-conspirator (indicted or unindicted), aider and abettor, associate, or other individual alleged by the government to have been in a conspiracy with defendant, transported, produced, distributed, sold, transferred, delivered or possessed any controlled substance.

5. Any evidence in the possession of the government, the existence of which is known or by the exercise of due diligence could become known to the government, which would tend to show that any of the alleged participants in the indictment were participants in separate conspiracies, organizations, enterprises, or activities not charged in the indictment and not involving defendant.

6. The full record of any arrests, pending cases, and criminal convictions of any witness whom the government intends to call at trial, including any accomplices, witnesses, or unindicted co-conspirators.

7. Any evidence or records of any suspected wrongdoing or ongoing investigations in this or any other jurisdiction (state or federal) of any witness whom the government intends to or contemplates calling at trial.

8. A full and complete statement of all promises, considerations, rewards, or inducements made by the government, its prosecutors, agents or agencies to induce or encourage any individual's testimony, cooperation or provision of information, wherein the government has agreed, either with the individual, his or her counsel, agent or representative, to any of the following:

   (a) not to prosecute said person for any crime or crimes;

   (b) not to prosecute a third party for any crime or crimes where the reason for not prosecuting the third party is a consideration to the person;

   (c) to provide a formal grant of statutory immunity, or to provide an informal assurance that the person will not be prosecuted in connection with any testimony, cooperation, or information given;

   (d) to recommend leniency or a particular sentence for any crime or crimes for which the person stands convicted or is expected to be convicted;

   (e) to comply with any prior agreements although said witness may have previously violated a part of their agreement;

   (f) to recommend or not oppose a reduction of the offense level of the person under the United States Sentencing Guidelines for acceptance of responsibility;

   (g) to recommend to the sentencing authority under the United States Sentencing Guidelines a downward departure from the guidelines if that person provides substantial assistance to authorities;

   (h) to recommend or not oppose any downward departures or offense level reductions for the person under the United States Sentencing Guidelines;

   (i) to seal any plea or plea agreement of that person;

   (j) to provide favorable treatment or consideration, including but not limited to, money, expenses, subsistence, a job, a new location, a new start, etc. to the person or to friends or relatives of the person in return for that person's testimony, cooperation, or provision of information;

   (k) to make any beneficial recommendation regarding the person to any state or federal agency;

   (l) to cooperate with any state law enforcement agency and that agency's agreement not to prosecute said person for any crime or crimes prohibited by state law; or

   (m) to make any other recommendation of benefit, or give any other consideration to the person or friends or relatives of said person; or

   (n) to provide a statement to, or speak with, any law enforcement agency, prosecution official or court (state or federal) concerning the witness' assistance or cooperation.

9. Notice, including date, amount and method (cash or check) and purpose of any monies paid to any witness, operative, or informant of the government in return for information, their services or as a reward and/or for the purported payment of expenses or for any purported obligation of any such witness or informant.

10. Any writings, canceled checks, receipts, vouchers or other documents generated as a result of any promises, statements, agreements, understandings or arrangements by which any of the matters listed in paragraphs 6 and 7 were provided to the person, or by which records were kept of such by the government.

11. Any evidence in the possession of the government that would tend to prove or reveal a bias or motive of any witness that the government intends or contemplates calling at trial.

12. Any and all threats of prosecution or any statements regarding the magnitude of penal liability made to any witness that the government intends or contemplates calling at trial, or any witness called before a federal grand jury, by any agent or employee of the federal government or by an state law enforcement or prosecutorial agency working or cooperating with the government.

13. A list of all persons (and their counsel) who were asked by the government or its representatives whether they or their clients would and/or could implicate the defendant in any criminal wrongdoing.

14. Any evidence of past or present drug or alcoholic ingestion or dependency by any witness whom the government intends or contemplates calling at trial. If any medical, hospital, or law enforcement records exist, which disclose such ingestion or dependency or the

treatment thereof, it is requested that the source and location of such records be provided and disclosed. If no such records exist, but such ingestion or dependency has been witnessed by others, it is requested that the names and addresses of such persons be disclosed.

15. Any evidence of psychiatric hospitalization, psychiatric treatment or mental disease or defect or physical disorder of any witness whom the government intends or contemplates calling at trial. If any medical or hospital records exist, it is requested that the source and locations of such records be provided or disclosed. If no such records exist, but such disease, defect or disorder has been observed by others, it is requested that the names and addresses of such persons be disclosed.

16. Any evidence of polygraph or "lie-detector" tests administered to any witness whom the government intends or contemplates calling at trial, and the results of any such tests, including any evidence regarding the refusal of such persons to take any requested polygraph or "lie-detector" tests.

17. Any evidence that may be used to impeach a witness at the trial in this case, particularly but not exclusively, inconsistent statements of a witness or between witnesses.

**MEMORANDUM IN SUPPORT**

18. In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that due process forbids a prosecutor from suppressing "evidence favorable to an accused upon request where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id*. at 87. *See also Giglio v. United States*, 405 U.S. 150 (1972); *United States v. McCrane*, 527 F.2d 906 (3d Cir. 1975), *aff'd after remand*, 547 F.2d 205 (1976). The Supreme Court has also emphasized that impeachment evidence, as well as

exculpatory evidence, falls within the *Brady* rule. *United States v. Bagley*, 473 U.S. 667, 676-77 (1985). Such evidence, if disclosed and used effectively, may make the difference between conviction and acquittal. See *Napue v. Illinois*, 360 U.S. 264.269 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.").

19.     While it is clear that the prosecution has a duty to disclose any favorable evidence that could be used at trial, it is frequently overlooked that the prosecution also has a duty to disclose any favorable evidence that could be used "in obtaining further evidence." *Giles v. Maryland*, 386 U.S. 66, 74 (1967). Additionally, favorable evidence need not be competent evidence or evidence admissible at trial. *United States v. Gleason*, 265 F. Supp. 880, 886 (S.D.N.Y. 1967); *Sellers v. Estelle*, 651 F.2d 1074, 1077 n.6 (5th Cir. 1981) (evidence suppressed was material to the preparation of petitioner's defense, regardless whether it was intended to be admitted into evidence).

20.     The Supreme Court has never precisely pinpointed the time at which the disclosure under Brady must be made. It is abundantly clear, however, that disclosure by the government "must be made at such a time as to allow the defense to use favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criteria requires pre-trial disclosure." *United States v. Pollock*, 534 F.2d 964, 973 (D.C. 1976). *Accord, United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988). "Manifestly, a more lenient disclosure burden on the government would drain Brady of all vitality." *United States v. Elmore*, 423 F.2d 775, 779 (5th Cir. 1970).

21.     The disclosures requested herein should be made far in advance of trial so that appropriate defense preparation can be made. The government has investigated this defendant since at least April, 2005.  To make effective use of the information requested herein, it may be necessary to obtain records by subpoena, possibly from other states.  Defendant's request for disclosure 180 days in advance of trial is quite reasonable.

22.     Failure of the government to provide such information a reasonable time before trial will deny defendant the opportunity to adequately prepare for this case, which constitutes a denial of due process and effective assistance of counsel. Defendant, therefore, respectfully submits that at least 180 days will be required to investigate matters disclosed or, if necessary, pursue subpoenas for the materials identified.

23.     The undersigned counsel has conferred with Assistant United States Attorneys Maria Armijo and Mark A. Saltman concerning this motion.  The government opposes this motion.

WHEREFORE, LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, respectfully prays that this Court enter an order directing the government to produce all the information and material requested herein, and providing such other and further relief to which the Court may find Mr. Lujan to be justly entitled.

>Respectfully Submitted,
>
>FEDERAL PUBLIC DEFENDER
>500 S. Main St., Suite 600
>Las Cruces, NM  88001
>(505) 527-6930
>Fax (505) 527-6933
>
>*filed electronically on September 10, 2007*
>MARC H. ROBERT
>ROBERT E. KINNEY
>Assistant Federal Public Defenders
>Las Cruces Office
>
>*Counsel for Larry Lujan*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Disclosure of Exculpatory Information was served on the following persons by e-mail and physical service on September 10, 2007:

| | |
|---|---|
| Maria Armijo<br>Mark A. Saltman<br>Assistant United States Attorneys<br>555 S. Telshor, Suite 300<br>Las Cruces, New Mexico 88011 | Billy R. Blackburn<br>1011 Lomas Blvd NW<br>Albuquerque, New Mexico 87102<br>*Counsel for Mr. Medina* |
| Jess R. Lilley<br>1014 S. Main<br>Las Cruces, New Mexico 88005<br>*Counsel for Mr. Lamunyon* | Michael L. Stout<br>910 Lake Tahoe Ct.<br>Las Cruces, New Mexico 88007<br>*Counsel for Mr. Lamunyon* |

>_____
>*filed electronically on September 10, 2007*
>MARC H. ROBERT

L:\Robert\lujan\discovery pleadings\final discovery motions\exculpatory motion.wpd

**MOTION FOR DISCOVERY AND DISCLOSURE OF EXCULPATORY INFORMATION - PAGE 9**