IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. CR 05-924 RB |
| | § | |
| LARRY LUJAN, KACEY LAMUNYON | § | |
| and EUGENIO MEDINA, | § | |
| | § | |
| Defendants. | § | |

**MR. LUJAN'S MOTION FOR DISCOVERY AND INSPECTION CONCERNING GOVERNMENT'S USE OF INFORMANTS, OPERATIVES AND COOPERATING INDIVIDUALS AND FOR DISCLOSURE OF EXCULPATORY EVIDENCE CONCERNING GOVERNMENT'S USE OF INFORMANTS, OPERATIVES AND COOPERATING INDIVIDUALS**

LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, Assistant Federal Public Defenders Marc H. Robert and Robert E. Kinney, pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 16 of the Federal Rules of Criminal Procedure and in accordance with the decisions in *Roviaro v. United States*, 353 U.S. 53 (1967), *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Bagley*, 473 U.S. 667 (1985), and *Kyles v. Whitley,* 514 U.S. 419 (1995),respectfully moves the Court for an order directing the United States to furnish counsel for the accused with the following information concerning the use of informants, confidential informants, witnesses, informers, confidential sources, sources of information, infiltrators, cooperating individuals, security informers or intelligence assets who participated in any way or who are material witnesses to any of the events charged in the indictment.

1. Such sources, witnesses, informants or individuals include without limitation:

(a) any person or entity furnishing information to the government on a confidential basis, where such information has been obtained as a result of legitimate employment or access to records and is provided consistent with applicable law; (b) any other person or entity furnishing information to the government on a confidential basis; and (c) any other person or entity providing information or substantial operational assistance to the government or any law enforcement agency regardless of the regularity or frequency of such assistance.

2.      For purposes of this motion and any disclosure resulting from it, "the government" will include the office of the United States Attorney for the District of New Mexico, the Department of Justice and its subdivisions, and any law enforcement agency involved in any way in the investigation and preparation of this case or related cases for prosecution.

3.      It is further requested that the information requested be provided specifically as it may relate or pertain to the following individuals:

(a)     All confidential sources as described in any affidavits which have been filed in support of requests for electronic surveillance whether such have been revealed or not;

(b)     Any of the named defendants in this indictment who have, are expected to or may in the future furnish information, cooperation or assistance to the government;

(c)     All confidential sources referred to in the affidavits in support of the various search warrants which have been or will be provided in discovery;

(d)     Any other person identified in any document which has been or will be provided in this case.

      4.      Mr. Lujan requests information as to whether any such informant, witness, confidential source or cooperating individual was suspected, apprehended or convicted of any crime at any time.

      5.      Mr. Lujan requests disclosure of any and all information regarding any crimes or other breaches or law (including jurisdiction and case number) such informant, witness, confidential source or cooperating individual had committed or was suspected of having committed at any time.

      6.      Mr. Lujan requests information regarding any potential or existing criminal charges against any informant, witness, confidential source or cooperating individual which were abandoned, altered, or otherwise disposed of upon his/her agreement to provide assistance to the government.

      7.      Mr. Lujan requests information concerning any financial arrangements which existed or exist between any informant, witness, confidential source or cooperating individual and the government or any state, including without limitation information concerning any sums of money paid or promised to any informant, witness, confidential source or cooperating individual. Mr. Lujan requests copies of any vouchers for payment to any informant, confidential source, cooperating individual or witness, or any other document reflecting any such payment.

      8.      Mr. Lujan requests the disclosure of the names, addresses, and criminal records of any informant, witness, confidential source, or cooperating individual to be called as a witness at any hearing or during the trial in this cause.

9. Mr. Lujan requests the disclosure of the substance of any plea agreement, whether written or not, entered into by the government, the State of New Mexico or any other state with any informant, witness, confidential source or cooperating individual. This request is intended to include, without limitation, agreements with any such individual by the government or any state to refrain from bringing or pursuing a criminal prosecution. Mr. Lujan also requests disclosure of the name and position of the person authorizing entry into each such plea agreement.

10. Mr. Lujan requests the disclosure of all information which could reasonably be construed as tending to show bias or prejudice on the part of any informant, witness, confidential source or cooperating individual whom the government intends to call at trial.

11. Mr. Lujan requests the disclosure of all information which could reasonably be construed as tending to show that any informant, confidential source or cooperating individual has made contradictory or inconsistent statements relative to this case, to any related case, or to the defendant.

12. Mr. Lujan requests the disclosure of all information which could be construed as tending to show that any informant, witness, confidential source or cooperating individual suffers or suffered from any material defect in perception, memory, veracity or articulation.

13. Mr. Lujan requests the disclosure of all information concerning the nature of any past or present relationship between any informant, confidential source or cooperating individual utilized in this case and any state, local or federal law enforcement agency, including without limitation FBI, DHS, CIA, NSA, NSC, DIA, BATF, U.S. Secret Service, IRS, DEA, U.S. Customs, the New Mexico State Police, the Las Cruces Police Department,

the Doña Ana County Sheriff's office, the San Antonio, Texas police department, the Bexar County Sheriff's office, such information to include without limitation the date on which each such relationship began, the duration of each such relationship and whether any such relationship continues to the date of the filing of this motion.

14. Mr. Lujan requests disclosure of the exact date, time and place that any informant was engaged by any federal or state agency, and the name of the agency or agencies.

15. Mr. Lujan requests disclosure of any information concerning whether any informant utilized by the government has taken a polygraph examination regarding any information he or she has provided relative to this case, or any other allegation of criminal conduct by Mr. Lujan and if so, as to each such person: (a) the name of the person; (b) the date, time and place of each such examination; (c) the number of tests which were administered to each such person; (d) the numerical scores for each such examination; (e) all of the questions which were posed during each such examination; (f) the name of the computer software used to administer the examination; (g) the names and credentials of each person administering each such examination; (h) a complete and correct copy of the polygraph chart and the examiner's notes; (i) a copy of the pretest questionnaire and answers; and (j) the reasons for the decision to administer each such polygraph examination.

16. Mr. Lujan requests disclosure of all information concerning whether any informant is or was at any time relevant to his provision of information an abuser or alcohol or controlled substances, including without limitation:

(a) each substance each such individual used or abused;

(b) the quantity and frequency of any such use;

  (c)  the extent of addiction;

  (d)  the current status or each such individual with regard to alcohol or drug abuse; and

  (e)  any and all psychological, psychiatric or counseling reports concerning any such individual's alcohol or drug abuse.

  17.  Mr. Lujan requests information concerning whether any informants utilized by the government in this case have ever had or required any psychiatric or psychological evaluation or treatment. If so, Mr. Lujan requests disclosure of the following information:

  (a)  the name, address and date of birth of each such informant;

  (b)  the date and location of all such treatment;

  (c)  the exact nature of the condition treated;

  (d)  whether the informant treated has ever been admitted to a hospital for psychological or psychiatric treatment, and if so, the dates and locations of such admissions, the diagnosis and prognosis determined during each such admission; and

  (e)  whether the informant is currently receiving treatment and, if so, the nature of such treatment and the nature of the condition being treated.

  18.  Mr. Lujan requests disclosure of all evidence regarding any witness the government intends to call who is listed as an informant for any agency of the United States government, or any agency of state government, including without limitation:

  (a)  the exact nature of the relationship between the witness and the agency;

  (b)  the date and circumstances of the origin of the relationship;

(c) whether each such relationship originated as a result of a criminal prosecution (or threat of criminal prosecution) of the informant;

(d) the exact reason the relationship was established; and

(e) the exact amount of money paid to any informant, when and by what method.

19. Mr. Lujan requests a full and complete description of all promises, considerations, rewards, or inducements made by the government, its prosecutors, agents or agencies to induce or encourage any witness the government intends to call at trial, whether or not listed as an informant for any agency of the United States government, wherein the government has offered any of the following (including the equivalent under state law):

(a) to refrain from prosecution for an alleged criminal act by any such individual;

(b) to refrain from prosecution of a third party for any crime in consideration of any such individual's cooperation;

(c) to provide a formal grant of statutory immunity, or to provide an informal assurance that any such individual will not be prosecuted in connection with any testimony, cooperation, or information given;

(d) to recommend leniency or a particular sentence for any crime or crimes for which any such individual stands convicted or is expected to be convicted;

(e) to provide the benefits under any prior agreements notwithstanding any violation of any such agreement by any such individual;

(f) to recommend or not oppose a reduction of the offense level of the person under the United States Sentencing Guidelines for acceptance of responsibility;

(g) to recommend to United States Probation or a sentencing court a downward adjustment, departure or variance pursuant to the United States Sentencing Guidelines if that person provides substantial assistance to the government;

(h) to seal any plea or plea agreement involving any such individual;

(i) to provide favorable treatment or consideration, including but not limited to, money, expenses, subsistence, a job, a new location, a new start, etc., to any such person or his friends or relatives in return for that person's testimony, cooperation, or provision of information;

(j) to make any beneficial recommendation regarding any such person to any state or federal agency;

(k) to assist any such person by seeking leniency or forbearance from prosecution by any state agency for any alleged criminal conduct;

(l) to make any other efforts to obtain a benefit of any kind or character for any such person, his friends or relatives; or

(m) to provide a information to any law enforcement agency, prosecution official or court concerning any such person's provision of information, assistance or cooperation.

20. With respect to any informants, Mr. Lujan requests disclosure of all materials contained in the files relating to each such person maintained by any state, local or federal law enforcement agency, including without limitation:

(a) correspondence requesting approval to initiate suitability and pertinence inquiry;

(b) indices checks;

     (c)    correspondence requesting authority to operate following suitability and pertinence inquiry;

     (d)    NCIC inquiry and response;

     (e)    identification Division Report;

     (f)    local arrest records;

     (g)    credit checks;

     (h)    FD 302s, DEA 6s or equivalent government agency documents in which the identity of the informant has been revealed;

     (i)    FD 209s or equivalent government agency documents containing administrative information that may tend to identify the informant;

     (j)    payment request memos;

     (k)    requests to FBI headquarters for additional payment authority;

     (l)    requests to FBI headquarters for lump sum payment authority; and

     (m)    all other administrative type correspondence and any correspondence that identifies or tends to identify the informant.

     21.    With respect to any informants utilized in this case, Mr. Lujan requests disclosure of any and all information contained in any file designated by any law enforcement agency, including without limitation the FBI or DEA, as "subfile" including, without limitation FD 302s and DEA 6s in which the identity of the informant is concealed, inserts that conceal the identity of the informant, and annual letters.

     22.    Mr. Lujan requests disclosure of any supervisor's informant file, review log or its equivalent, with respect to any informant utilized in the investigation of this case.

23. Mr. Lujan requests disclosure of all memoranda requesting payment for services or expenses to any informant, including memoranda which contain a justification for the request for payment.

24. Mr. Lujan requests disclosure of all approvals for payment for services or expenses to an informant utilized in the investigation of this case.

25. Mr. Lujan requests disclosure of any and all teletypes or faxes furnished to the FBI HQ, DEA HQ or any other governmental agency requesting lump-sum payments to any informants and the approval for such payments with respect to any informant utilized in the investigation of this case.

26. Mr. Lujan requests disclosure of any information regarding whether any informant has testified or is expected to testify in connection with this case, and any proposal to pay the informant for such testimony or pay the purported expenses of the informant, and the nature of any discussions regarding payment for testimony with the U.S. Attorney or his designee.

27. Mr Lujan requests disclosure of any and all receipts obtained from any informants utilized in the investigation of this case or, if no receipts exist, the written justification for not obtaining a receipt or any written substitute for a receipt. If obtaining a receipt was not possible in a particular situation, Mr. Lujan requests disclosure of any memorandum setting forth the complete circumstances of any payment.

28. Mr. Lujan requests disclosure of all information regarding whether any informants utilized in the investigation of this case were offered any rewards by any private individuals and, if so, all documentation relating to any such reward or award.

29.    Mr. Lujan requests disclosure of all federal tax returns of any informant utilized in this case filed during the course of the investigation and up until the time of trial.

30.    Mr. Lujan requests disclosure of all receipts signed by prospective government witnesses or informants utilized in this case.

31.    Mr. Lujan requests disclosure of any and all representations made to informants concerning the potential of reward or payment for information including fees or payments which may be earned from forfeited assets or collected fines.

32.    Whether any informant utilized in this case has previously been used as an informant and/or a witness by any federal or state agency or in any federal or state prosecution and, if so, state:

   (a) The agency or agencies for which the individual was an informant;

   (b) The dates when such a relationship existed and the length of such relationship;

   (c) The dates when and places where the individual testified as a witness; and

   (d) The exact payments the individual received for services and expenses.

33.    Mr. Lujan requests disclosure of any and all documentation detailing or setting forth the accomplishments by informants utilized in this case.

34.    Mr. Lujan requests disclosure of the date(s) on which all persons who were informants utilized in this case were "opened" or "closed" as informants, and whether any persons are currently opened as informants.

35.    Mr. Lujan requests disclosure of all instructions required to be given any informant used on a continuing basis, any informant authorized to associate in activities which would be considered to be involvement in unauthorized past or continuing criminal activities.

**MOTION FOR INFORMANT DISCOVERY AND DISCLOSURE - PAGE 11**

36. Mr. Lujan requests disclosure of information regarding any informant or confidential source providing substantial operational assistance in an undercover capacity.

37. Mr. Lujan requests disclosure of any written record in any informant's or confidential source's file of any instructions given to any such informant.

38. Mr. Lujan requests disclosure of any authorization or approval for any informant or confidential source to engage in any activity that would constitute a crime under state or federal law if engaged in by a private person, and the written findings by supervisory officials that such conduct is necessary to obtain information or evidence and that the need outweighs the seriousness of the conduct involved.

39. Mr. Lujan requests disclosure of any pretrial services reports or bail reports regarding any informant or confidential source prepared for any informant or confidential source who have been arrested for a criminal offense.

40. Mr. Lujan requests disclosure of pre-sentence reports prepared regarding any informant or confidential source for any conviction or plea of guilty.

**MEMORANDUM IN SUPPORT**

41. In *Brady v. Maryland*, 373 U.S. 83 (1963), a capital sentencing case, the Supreme Court held that due process forbids a prosecutor from suppressing "evidence favorable to an accused upon request where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id*. at 87. *See also Kyles v. Whitley*, 514 U.S. 419 (1995); *Giglio v. United States*, 405 U.S. 150 (1972). The Supreme Court has also emphasized that impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule. *United States v. Bagley*, 473 U.S. 667, 676-77 (1985).

Such evidence, if disclosed and used effectively, could make the difference between conviction and acquittal. *See Napue v. Illinois*, 360 U.S. 264, 270 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend[.]").

42. In acknowledging that the prosecution has a duty to disclose any favorable evidence that could be used at trial, it is frequently overlooked that the prosecution also has a duty to disclose any favorable evidence that could be used "in obtaining further evidence." *Giles v. Maryland*, 386 U.S. 66, 74 (1967). Additionally, favorable evidence need not be competent evidence or evidence admissible at trial. *United States v. Gleason*, 265 F. Supp. 880, 886 (S.D.N.Y. 1967); *Sellers v. Estelle*, 651 F.2d 1074, 1077 n.6 (5th Cir. 1981) (evidence suppressed was material to the preparation of petitioner's defense, regardless whether it was intended to be admitted into evidence).

43. The Supreme Court has never precisely pinpointed the time at which the disclosure under *Brady* must be made. It is abundantly clear, however, that disclosure by the government must be made at such a time as to allow the defense to use favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criteria requires pre-trial disclosure. *United States v. Pollock*, 534 F.2d 964, 973 (D.C. Cir. 1976). *Accord, United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988). A more lenient disclosure burden on the government would drain *Brady* of all vitality. *United States v. Elmore*, 423 F.2d 775, 779 (5th Cir. 1970).

44. Furthermore, much of the documentary information requested in this motion is discoverable pursuant to Rule 16(a)(1)(C) as material to the preparation of Mr. Lujan's defense. The defense is informed and believes that more than one informant will be a prosecution witness in this case. One or more of such informants may have participated in the alleged wrongdoing charged in the indictment. It is likely that such informants may have a history of violence and substance abuse. It is imperative for the defense to be prepared for trial to have information concerning the circumstances and nature of any informant's relationship with state or federal agencies and officials. If the government is not aware of the existence of the requested information after the exercise of reasonable diligence and inquiry, then the government should be required to so respond so the defense can independently investigate and obtain the needed information. The government's response may also include information which will require the defense to travel to investigate and may require Rule 17 subpoenas from this or other courts for documents.

45. The disclosures requested herein should be made at least 180 days prior to trial so that appropriate defense preparation can be made. Failure of the government to provide such information will deny Mr. Lujan the opportunity to adequately prepare for this capital case, which constitutes a denial of due process and effective assistance of counsel.

46. The undersigned counsel have conferred with Assistant United States Attorneys Maria Armijo and Mark A. Saltman concerning this motion. The government opposes this motion.

WHEREFORE, LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, respectfully prays that this Court will grant the relief requested herein, and grant such other and further relief to which the Court may find Mr. Lujan to be justly entitled.

    Respectfully Submitted,

    FEDERAL PUBLIC DEFENDER
    500 S. Main St., Suite 600
    Las Cruces, NM  88001
    (505) 527-6930
    Fax (505) 527-6933

    *filed electronically on September 10, 2007*
    MARC H. ROBERT
    ROBERT E. KINNEY
    Assistant Federal Public Defenders
    Las Cruces Office

    *Counsel for Larry Lujan*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Discovery and Inspection Regarding the Use of Informants was served on the following persons on September 10, 2007:

Maria Armijo
Mark A. Saltman
Assistant United States Attorneys
555 S. Telshor, Suite 300
Las Cruces, New Mexico 88011

Jess R. Lilley
1014 S. Main
Las Cruces, New Mexico 88005
*Counsel for Mr. Lamunyon*

Billy R. Blackburn
1011 Lomas Blvd NW
Albuquerque, New Mexico 87102
*Counsel for Mr. Medina*

Michael L. Stout
910 Lake Tahoe Ct.
Las Cruces, New Mexico 88007
*Counsel for Mr. Lamunyon*

    *filed electronically on September 10, 2007*
    MARC H. ROBERT

L:\Robert\lujan\discovery pleadings\final discovery motions\informant discovery motion.wpd