IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. CR 05-924 RB |
| LARRY LUJAN, KACEY LAMUNYON and EUGENIO MEDINA, | § § § § | |
| Defendants. | § § | |

**MR. LUJAN'S MOTION FOR DISCLOSURE OF INFORMATION CONCERNING
THE RELIABILITY AND INTEGRITY OF THE GOVERNMENT'S
INVESTIGATION AND INCORPORATED MEMORANDUM**

LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, Assistant Federal Public Defenders Marc H. Robert and Robert E. Kinney, moves the Court for an Order requiring the prosecution to obtain and produce information regarding the integrity and reliability of the investigation underlying this prosecution, and n support of his motion, Mr. Lujan would respectfully show the Court as follows:

1.  Mr. Lujan is charged in a Third Superseding Indictment with kidnaping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2, and murder with the intent to prevent the communication of information to federal authorities, in violation of 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C. § 2 [Doc. 145]. Not guilty pleas were entered for Mr. Lujan at his arraignment on July 18, 2007. On July 12, 2007, the government filed a notice of intent to seek the death penalty in this case [Doc. 146]. The Third Superseding Indictment includes special findings (a) through (i) relating to the government's intent. Trial in this cause is scheduled for August 15, 2008.

2.  Discovery to date indicates that the government has built its case on information obtained from people either involved in the events leading to Dana Joe Grauke's death, or in various aspects of the drug trade and other criminal ventures. Witnesses of this sort are inherently unreliable. *See*, *e.g.*, *Virginia v. Lilly*, 527 U.S. 116, 132 (1999) ("'accomplice confessions ordinarily are untrustworthy precisely because they are not unambiguously adverse to the penal interest of the declarant,' but instead are likely to be attempts to minimize the declarant's culpability.") (quoting *Lee v. Illinois*, 476 U.S. 530, 552-53 (1986) (Blackmun, J., dissenting)). Preparation for trial, and trial of this case, will necessarily include, *inter alia*, questioning and attacking the credibility of such witnesses, as well as the manner in which such witnesses were handled by the investigating officers and agents.

3.  This motion asks that the Court order that the government seek and disclose essential potential exculpatory information which may assist Mr. Lujan and his counsel in investigating and challenging the integrity and reliability of the government's investigation.

**MEMORANDUM IN SUPPORT**

4.  Under *Kyles v. Whitley*, 514 U.S. 419 (1995), the government has an obligation to learn of information and evidence favorable to the defense known to the prosecution and any person or entity assisting the prosecution.

5.  Mr. Lujan requests that the Court order the government to contact all of the agents, deputies, officers, detectives and other law enforcement officers and investigate the manner in which this case was investigated and prepared. Mr. Lujan specifically requests that the government disclose information suggesting the following:

    5.1  that agents failed to follow agency regulations, policies or guidelines regarding the supervision, management or review of witnesses, which regulations, policies or guidelines relate to the integrity of investigations (this request includes a request for the disclosure of the policy manuals or regulations in effect during the times relevant to the investigation);

    5.2  that agents had recorded contacts with witnesses or potential witnesses;

    5.3  Witnesses were permitted to communicate with one another;

    5.4  Witnesses were permitted to learn the government's theory of the case; or

    5.5  Witnesses were allowed to observe investigators' materials, witness statements, transcripts of proceedings or other materials related to the case.

  6.  In *Kyles v. Whitley*, the Supreme Court found a *Brady* violation in the prosecution's failure to disclose a prior statement of a person who did not testify at trial. The Court determined that even though the potential witness did not testify, the prior statement could have been used to challenge the thoroughness and good faith of the investigation conducted in that case. Thus, *Kyles* stands for the proposition that the defense is entitled to all available information relating to the integrity, thoroughness, reliability, sloppiness or even negligence in the conduct of the investigation. Additionally, the defense is entitled to information tending to show that investigators were "insufficiently probing" or exhibited an "uncritical readiness to accept the stories and suggestions of an informant whose accounts were inconsistent" or "that a witness had been coached". *Kyles*, 514 U.S. at 453.

7.      Writing for the majority in *Kyles*, Justice Souter highlighted the importance of this kind of evidence to the reliability of the fact-finding process. Responding to dissent claims that such evidence is of little value, Justice Souter said:

> The dissent . . . suggests that for jurors to count the sloppiness of the investigation against the probative force of the state's evidence would have ben irrational, but of course it would have been no such thing. When, for example, the probative force of evidence depends on the circumstances in which it was obtained and those circumstances raise a possibility of fraud, indications of conscientious police work will enhance probative force and slovenly work will diminish it.

*Kyles*, 415 U.S. at 446 n. 15.

8.      In dealing with witnesses unquestionably (and in some cases admittedly) involved in criminal activities, the officers and agents investigating this case should have tape recorded or video-taped every contact with each of those witnesses; taken detailed contemporaneous notes of every such contact, particularly where taping was impractical; prevented all witnesses from having contact with all other potential witnesses until each of the witnesses testified under oath and subject to cross examination; and strictly adhered to every agency or department regulation concerning investigations which are intended to ensure the integrity and reliability of the investigation.

9.      Many interviews of potential witnesses were tape recorded and have been transcribed. It is not yet known if all such interviews were taped, either by video or audio. It is also unknown whether the investigating officers and agents followed the regulations, policies and procedures applicable to their respective agencies. These are matters which may have a significant impact on Mr. Lujan's defense investigation, trial preparation and trial. As

such, these matters directly implicate Mr. Lujan's rights to due process, effective assistance of counsel and a fair trial.

10. The undersigned counsel has conferred with Assistant United States Attorneys Maria Armijo and Mark A. Saltman concerning this motion. The government opposes this motion.

11. *Brady* and *Kyles*, and the Fifth, Sixth and Eighth Amendments to the United States Constitution constitute substantial force for the search for and disclosure of exculpatory evidence in this case. In a case such as this, requiring a heightened standard of reliability in the fact-finding process, evidence implicating the integrity, reliability, character and quality of the investigation which produced the evidence to be received by the finder of fact is critical to Mr. Lujan's constitutional rights and the integrity of the process. Failure to order the government to search and produce the requested information will violate Mr. Lujan's rights to confrontation, fair trial, due process and effective assistance of counsel as guaranteed by the Constitution.

WHEREFORE, LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, respectfully prays that this Court will grant the relief requested herein, and grant such other and further relief to which the Court may find Mr. Lujan to be justly entitled.

                                          Respectfully Submitted,

                                          FEDERAL PUBLIC DEFENDER
                                          500 S. Main St., Suite 600
                                          Las Cruces, NM 88001
                                          (505) 527-6930
                                          Fax (505) 527-6933

                                          *filed electronically on September 10, 2007*
                                          MARC H. ROBERT
                                          ROBERT E. KINNEY
                                          Assistant Federal Public Defenders
                                          Las Cruces Office

                                          *Counsel for Larry Lujan*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Disclosure of Information Regarding Reliability and Integrity of Government's Investigation was served on the following persons by e-mail and physical service on September 10, 2007:

| | |
|---|---|
| Maria Armijo | Billy R. Blackburn |
| Mark A. Saltman | 1011 Lomas Blvd NW |
| Assistant United States Attorneys | Albuquerque, New Mexico 87102 |
| 555 S. Telshor, Suite 300 | *Counsel for Mr. Medina* |
| Las Cruces, New Mexico 88011 | |
| | |
| Jess R. Lilley | Michael L. Stout |
| 1014 S. Main | 910 Lake Tahoe Ct. |
| Las Cruces, New Mexico 88005 | Las Cruces, New Mexico 88007 |
| *Counsel for Mr. Lamunyon* | *Counsel for Mr. Lamunyon* |

                                          *filed electronically on September 10, 2007*
_____
                                          MARC H. ROBERT

L:\Robert\lujan\discovery pleadings\final discovery motions\investigation discovery motion.wpd