**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. CR 05-924 RB |
| | § | |
| LARRY LUJAN, KACEY LAMUNYON | § | |
| and EUGENIO MEDINA, | § | |
| | § | |
| Defendants. | § | |

**MR. LUJAN'S MOTION FOR DISCOVERY AND
INSPECTION OF MATTERS PURSUANT TO RULE 16**

LARRY LUJAN, Defendant, by and through the undersigned counsel, respectfully

moves this Court for an order requiring the disclosure of the information described herein, and

in support of his Motion would respectfully show the Court as follows:

1.       Mr. Lujan is charged in a Third Superseding Indictment with kidnaping resulting

in death, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2, and murder with the intent

to prevent the communication of information to federal authorities, in violation of 18 U.S.C.

§ 1512(a)(1)(C) and 18 U.S.C. § 2 [Doc. 145].  Not guilty pleas were entered for Mr. Lujan

at his arraignment on July 18, 2007.  On July 12, 2007, the government filed a notice of intent

to seek the death penalty in this case [Doc. 146].  The Third Superseding Indictment includes

special findings (a) through (i) relating to the government's intent.  Trial in this cause is

scheduled for August 15, 2008.

2.       Pursuant to Rule 16, Fed.R.Crim.P., Mr. Lujan is entitled to the complete

disclosure of the following information:

MOTION FOR DISCOVERY AND DISCLOSURE - PAGE 1

## A.  STATEMENTS/WAIVERS BY MR. LUJAN

3.      **Written Statements.** Any written or recorded statements made by Mr. Lujan that are known or through the exercise of due diligence should be or may become known by the United States Attorney or the Department of Justice (hereinafter "the government") to be in the possession, custody or control of the United States or which by due diligence can be obtained from its agents or any other responsible person.[1]

Additionally, list the name, address and telephone number of each person present when any statements were made by Mr. Lujan.  List the exact time, place and date of any statements. State whether any statement was volunteered or in response to questions.  Identify by name, address and telephone number any questioner or interrogator.

4.      **Oral Statements.** Reduce to writing all oral statements by Mr. Lujan which, if they were written or recorded statements, would be requested in paragraph 3 above.  Provide the same information requested in paragraph 3.  This includes, but is not limited to, all statements (whether inculpatory or exculpatory, in any way relevant to the alleged crime, whether volunteered or in response to questions, directions, or communications of any kind, and all observed behavior of the defendant) known by the government, available by the exercise of due diligence or made to any responsible persons.

5.      **Waivers.** List in detail all communications of Mr. Lujan, in any form, that are purported to be any waiver of his legal or constitutional rights.  Include the exact date, time,

---

[1] The term "any other responsible person" means any person involved, in any manner, state or federal with the investigation of the crimes alleged or the preparation or presentation of this prosecution.

and place of any such communication or waiver and the names, addresses, and phone numbers of all witnesses to such communication.  Reduce any oral waivers to writing.

6.      **Produce Waivers.**  Produce, list, provide, or reduce to writing, all waiver forms, warnings, cautions or instructions that were communicated to Mr. Lujan in any form in connection with any written or oral statement, response, communication, or observed behavior of the defendant at any interview, examination, or evaluation.  Include the exact date, time, and place of any such communication and identify by name, address and telephone number all witnesses to such warnings.

7.      **Invocation of rights.**  Produce in writing, reduce to writing, or provide copies of all written or oral statements, all responses to questions, directions, or communications of any kind and all observed behavior of Mr. Lujan during any interview, examination or contact described in paragraphs 3 through 6 by or through which Mr. Lujan either indicated that he did not wish to, or would not, respond to any question, direction, or communication; or failed to respond to any question, direction, or communication.

### B.  <u>STATEMENTS BY CO-DEFENDANTS/<br>CO-CONSPIRATORS</u>

8.      **Written Statements.**  Provide the same information requested in paragraph 3 for any written or recorded statements made by any co-defendant or alleged co-conspirator, whether indicted or not.

9.      **Oral Statements.**  Provide or reduce to writing the same information as requested in paragraph 4 for any oral statements by any co-defendant or alleged co-conspirator, whether or not the statements were written or recorded by any responsible person.

10.    **Coconspirator Hearsay.**  Describe specifically each statement which will be tendered for admission as an alleged co-conspirator non-hearsay statement pursuant to Fed. Rule Evid. 810(d)(2)(E).  Provide the same information as requested in paragraph 3 for each such statement.

## C.  PHYSICAL EVIDENCE

11.    **From Mr. Lujan.**  List and describe all objects, substances, or materials seized from Mr. Lujan at any time in connection with this case, including without limitation items seized from his body, at his home, his vehicle, his place of business, at the scene of his arrest, or seized from anyone or any place, purported to belong to Mr. Lujan.  Identify by name, address and telephone number each individual who seized items from Mr. Lujan or another or who was present when any item was seized.  State specifically where the item was seized and the exact date and time of the seizure.

12.    **From Alleged Co-conspirators.**  List and describe all physical objects, substances, or materials seized from or allegedly belonging to any co-defendant or alleged co-conspirator.  If the item(s) was seized in a building or vehicle, state exactly where within the building and room or vehicle each item was seized.  State the exact time, date and place of seizure and the name, address and telephone number of each individual present when such item was seized and indicate each individual who seized each item.  List the name, address, and telephone number of each person who was present when each item seized came into the possession of the government or any responsible person.

13.     **From Alleged Victims.**  Provide the same information requested in paragraphs 11 and 12 for all physical samples, substances, evidence or materials seized from any alleged victim, living or deceased.

14.     **From Crime Scenes.**  List, describe and produce for inspection all physical evidence removed from the scene(s) of the alleged crime(s).  Describe exactly the location where each item was seized.  Identify by name, address and telephone number each individual who seized each item.  Provide the same information for all individuals present at the time of such seizure.

15.     **Arrest Information and Warrants.** State specifically the circumstances which led to Mr. Lujan's arrest and surrounding the arrest itself, including but not limited to the date, time and place of his arrest and the names, addresses and phone numbers of the person(s) arresting the defendant and all those present at the time of the arrest.  Produce any arrest warrants and supporting affidavits filed against Mr. Lujan.

16.     Produce copies of all arrest and search warrants and affidavits obtained, or attempted to be obtained, in the investigation of this or related matters.

17.     **Produce Pictures.** Produce copies of all photographs or videotapes of Mr. Lujan, co-defendants\co-conspirators, alleged victims, scenes of the alleged crimes, any alleged weapon(s), any alleged drugs or any other item or area, any pre-trial photographic identification procedure or display, any photographs of lineups and any composites done in connection with this case.

18.     **Produce Objects or Documents.**  Produce all books, papers, documents or tangible objects or copies or portions thereof, that are in the possession, custody or control of

the United States which have any evidentiary value in regard to the guilt or innocence or the

sentence of Mr. Lujan or which may lead to such evidence or which the United States is

retaining for potential use in evidence at any trial or hearing of this case.

19.     **Maps, etc.**  Produce copies of any maps, sketches, diagrams or similar items

relating to the alleged charges in the possession of the government or its agents, including any

law enforcement agency, which the government intends to offer in evidence or which it is

retaining for potential use as evidence at any trial or hearing in this case.

20.     **Video or Audio Tapes.**  Produce and provide a copy of any and all audio or

video surveillance tapes made during the course of this investigation involving Mr. Lujan, any

co-defendant or co-conspirator or any other person in connection with the charged crime.

Identify the date, time and place of the audio or video recording.  Provide the name, address

and telephone number of each person recorded. Provide the name, work address and telephone

number of any and all law enforcement officers who monitored or engineered or were

responsible for said recordings. Produce any logs or notes regarding when and how said

recordings were made.

21.     **Physical Evidence for Testing.**  Produce for inspection and testing all physical

evidence obtained in connection with the investigation of this case and listed or described in

Section C, including any alleged illegal substances.  List, describe and produce for inspection

all physical evidence obtained in connection with the investigation of this case that is known,

or could be known by the exercise of diligence, to be in the possession of the United States or

its agents, including any law enforcement agency, that has not previously been specifically

described.

22.     **Matters Destroyed.**  State whether any item, object or property described in Section C or seized from any of the above-mentioned places has been destroyed, disposed of or is otherwise unavailable. Specify the exact date and method of disposal and the person responsible for disposal.  State the name, address and phone number of any and all persons who were notified of the disposal or destruction of any item in connection with this case.

## D. <u>SCIENTIFIC REPORTS</u>

23.     Produce copies of all data, results, records or reports of physical or mental examinations and of scientific tests or experiments made in connection with the alleged crimes (regardless of whether the results were conclusive or inconclusive) that are known or through the exercise of due diligence should be or may become known by the government to be in the possession, custody or control of the government or in the possession of any person involved with the investigation, preparation or presentation of this prosecution.  This includes but is not limited to:

a)  **from Mr. Lujan, co-defendants or alleged co-conspirators:**  Reports and notes and all other papers, photographs, slides, videos, specimens, and objects relating to scientific examination of any item or substance seized from Mr. Lujan's or co-defendant's/co-conspirator's bodies, alleged residences or places of business, the scenes of the crimes alleged, any automobile, jail or other place as described in Section "C" or purported to belong to Mr. Lujan or to any other person investigated in connection with this case;

b)  **from victims, witnesses or others:** Records, reports, results, charts, x-rays, notes and similar materials of any physical, medical, psychiatric, psychological, neurological or autopsy examination conducted in connection with this investigation or which may be used

in evidence by the prosecuting attorney, including, but not limited to, all such records of any alleged living or deceased victim;

c) **fingerprints or voiceprints:**  Records, reports and results, whether negative, positive or inconclusive, relating to any attempt to obtain fingerprints or voiceprints in connection with the alleged crimes. State the name, address and phone number of each person who attempted to obtain fingerprints or voiceprints and the location or subject matter of such attempt, and state the results of each attempt.  Attach copies of all laboratory reports, whether positive or negative, conclusive or inconclusive;

d) **polygraphs:**  Reports, memoranda, charts, tape recordings of any "lie detector" or "polygraph" test administered to Mr. Lujan or any co-defendant\co-conspirator or other person in connection with this case.  State the name, address and phone number of the polygraph test operator and a copy of any pre-or post-test interview.  Attach any written report indicating the results of any such test, whether conclusive or inconclusive.  Reduce to writing and provide any oral opinion or result of any polygraph examiner or test or any pre- or post-test interviews not previously reduced to writing.  Provide all documents purporting to reflect the qualifications of the polygraph examiner or examiners.

e) **chain of custody:**  As to the specific information requested in paragraphs 23(a) through (d) regarding scientific data, reports, records or results, please include the name, address and telephone number of each person involved in obtaining, transferring, testing or analyzing physical objects or samples collected in the investigation of the alleged crimes, involving any item or any person not already mentioned in connection with the preparation or collection of those materials.

**MOTION FOR DISCOVERY AND DISCLOSURE - PAGE 8**

## E.  <u>IDENTIFICATION PROCEDURES</u>

24.     **Lineup, etc.**  State the exact date, time, and place of each lineup, show-up, or photographic display or "composite" procedure conducted in connection with this case by any representative of any law enforcement, prosecuting, court or detention authority.  State the name, address and phone number (and position) of each participant in the lineup(s), etc.[2], each attorney present at the lineup(s), etc., and all other persons present at the lineup(s), etc.  State any positive, tentative, "looks like" or hesitant identifications of any person in the lineup(s), etc.  State whom each witness identified, if anyone.  Describe exactly the nature or degree of the identification, including without limitation the amount of time between first viewing the person(s) in the line-up(s), etc., and the making of an identification as well as the content of any statements made by any person to whom the line-up(s), etc., was presented.  Produce a copy of any videotape or photograph used in any attempted or completed identification procedure as  already requested.

25.     **Composite.**  State the exact date, time, and place of each composite drawing or photographic composite attempted or completed by any person in connection with this case known to the United States or any other responsible person.  Provide the name, address, and phone number of each witness, potential witness or person who attempted or completed any composite drawing or picture, of any artist or professional personnel or person who assisted

---

[2] "Lineup(s), etc." means lineups, show-ups, photographic displays, "composite" procedures or any other identification procedures.

MOTION FOR DISCOVERY AND DISCLOSURE - PAGE 9

in attempting or completing any composite drawing or picture and of any other person present.

Produce a copy of any composite attempted or completed as already requested.

### F.  <u>WITNESSES</u>

26.     **Informants.**   Name any informant or cooperating source who provided

information to the police concerning the charged crimes.   Provide the current address and

telephone number of each such person.

27.     **Interviews.**  List the name, address, and telephone number of each person who

has knowledge of the charged offenses or knowledge pertaining to this case or who has been

interviewed by the government or any of its representatives or any police department or other

local, state or federal law enforcement agency, or interviewed by anyone else known or

knowable through due diligence by the United States and its agents, in connection with this

case.

28.     **Potential Witnesses.**  List the full name, current address and telephone number

of each potential witness having or believed to have knowledge of information relevant to the

investigation, prosecution, defense or trial of the offenses charged in the indictment.

29.     **Law enforcement personnel.** List the name, addresses, and telephone number

of each police officer, federal law enforcement officer, jail or correctional guard, probation or

parole officer or representative of a law enforcement authority who has had any connection

with the investigation of the alleged crimes.

30.     **Court or Detention Personnel.**  List the name, address, and telephone number

for each representative of any prosecution authority, detention or court authority (prosecutor,

jailer or judge) who has had any connection with the investigation of the alleged crimes.

31.     **Witness' Role.**  State how the persons listed in Paragraphs 28, 29 and 30 are connected with the investigation, preparation or prosecution relating to the alleged crimes.

32.     **Witness List.**  List the name, address, and telephone number of any person whom the government intends or will potentially call as a witness in any trial or hearing in this case. *See 18 U.S.C. §3432.*[3]

33.     **Arrest and Conviction Record.**  Provide detailed information regarding the local, state and FBI arrest and conviction records of all persons referred to or listed in Section F.  This specifically includes any witness or potential witness at any trial or hearing in this case and also includes all co-defendants and all alleged co-conspirators.

34.     **Police Reports.**  Attach copies of all reports, records, dictated thoughts, audio or video recordings, investigative letters, or memoranda made by any representative of any law enforcement authority, including without limitation the Federal Bureau of Investigation and any local or state law enforcement agency, in connection with the investigation of the charged offenses.

35.     **Written Statements.**  Provide copies of all written statements, whether inculpatory or exculpatory, relevant in any way to the alleged crimes, made by any person, witness or potential witness in connection with the charged offenses, in the possession of the government or any other responsible person, or could be found to be in the possession of the government through the exercise of reasonable diligence.

---

[3] 18 U.S.C. §3432 recognizes the unique nature of capital cases by carving an exception for death penalty cases requiring a witness list "at least three entire days before commencement of trial..."  The statute was last revised in 1940, "permitting an additional days preparation for trial in homicide, kidnaping, rape, and other capital cases." This change, said to be "not unreasonable" forty-two years ago, must be updated in terms of current reality.  It is within the power of this court to do so. Section 3432  directs that " a list... of the witnesses to be produced on the trial" *at least* three days before.

36.     **Oral Statements.**  Provide all oral statements made by any persons referred to in Section "F" which tend either to exculpate or inculpate Mr. Lujan or which provide information relevant to the charged offenses.  Reduce such statements to writing and provide the name, address, and phone number of each speaker and of each person present when the statement(s) were made.

37.     **Reward Offers.**  Produce copies of all written, audio or visual reward offers made in this case by any party.  List all responses to any reward offers.  Identify the respondent by name, address and telephone number, and provide the date, time and manner of communication of the response.

38.     Describe the circumstances and identify those individuals, if any, who contacted the authorities or police in regard to the alleged offenses and, separately, regarding Mr. Lujan's role in any of those offenses.  Provide the name, address and phone number of each person, known to the government or knowable through the exercise of reasonable diligence, involved in or with knowledge regarding those contacts.  Provide the exact date and time of any such contacts.

## G. DEFINITIONS

39.     As used in this motion for discovery and inspection, the following terms have the following meanings:

"**Statements**" include all descriptions and assertions of fact or opinion in any form, including but not limited to verbal, numerical, graphic, pictorial, and demonstrative form.

"**Written statements**" include all writings, transcriptions, paraphrases, summaries, notes, and numerical, graphic, pictorial, or demonstrative depictions of statements, whether signed or unsigned; all written materials, including but not limited to records and reports prepared by law enforcement and prosecuting authorities, their representatives, and all professional personnel, reflecting the existence, contents, or nature of statements; recordings and real or

MOTION FOR DISCOVERY AND DISCLOSURE - PAGE 12

physical objects, reflecting or used in any assessment of the veracity or reliability of the declarant or statements by polygraphic or any other means; and all reproductions thereof.

**"Oral statements"** include all oral statements stenographically, mechanically, or manually recorded, or not recorded.

**"Records or reports"** include all records and reports, whether formal or informal, written or recorded, and all notes, notations, or memoranda.

**"Or"** is used inclusively.

The phrases **"law enforcement authority"** or **"law enforcement agency"** include every municipal police department, every county sheriff's or police department, every state police agency, the Federal Bureau of Investigation, and every other city, county, state, federal, or military agency having responsibilities for criminal law enforcement or criminal investigation; and the successors of each.

**"Prosecuting authority"** includes every local, county, city and state prosecutor, every United States Attorney's office, the United States Department of Justice, and every other city, county, state, federal or military agency having responsibility for the prosecution of criminal offenses.

**"Detention or court authority"** includes the county jailer, the Department of Corrections, any state parole board, the United States Parole Board, the Federal Bureau of Prisons, and every other city, county, state, federal or military agency having responsibility for maintenance of any prison, jail, holding facility, or program of parole or probation; and every probation department of every court.

**"Representative"** includes every official, officer, deputy, assistant, agent, servant, or employee of an authority, whether full-time or part-time, and whether paid or unpaid; every consultant and every person who has acted at the instance of, or who reports to, any such person; and the successors of each.

40.     Each and every request in this motion, whether made in one or more paragraphs, is severable.   Multiple requests, even if made in one paragraph, should be treated independently.   Each individual referred to in this motion and subsequently referred to by "paragraph" or "section" should be treated individually.   If disclosure of any information is refused by the government, the defendant requests that the Court require that the government

state the basis for each such refusal, and further requests the disclosure of all other information, even if incomplete.

41.     Mr. Lujan moves this Court for leave to file additional motions to produce certain items for testing, examination and inspection after the United States has complied with the discovery requested in this Motion. Counsel at this time cannot specifically designate items that may be in the possession of the United States for inspection or for examination since counsel is not yet aware of the items that the United States may have.  The production of items in response to this motion and the Court's ensuing order may reveal the existence of matters with respect to which additional motions will need to be filed.

42.     Each and every request in this motion is a continuing request, up to and including the time of trial or hearing, and thereafter, to provide any information or thing that may hereafter come into the custody, possession, or control of, or become available or known to the United States or any other responsible person which would be described by any of the paragraphs above, if it or they are not now within such custody, possession, control or knowledge of the United States. Fed. Rule Crim. Proc. 16(c).

43.     The undersigned counsel have conferred with Assistant United States Attorneys Maria Armijo and Mark A. Saltman concerning this motion.  The government opposes this motion.

WHEREFORE, LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, respectfully prays that this Court will grant the relief requested herein, and grant such other and further relief to which the Court may find Mr. Lujan to be justly entitled.

MOTION FOR DISCOVERY AND DISCLOSURE - PAGE 14

Respectfully Submitted,

FEDERAL PUBLIC DEFENDER
500 S. Main St., Suite 600
Las Cruces, NM  88001
(505) 527-6930
Fax (505) 527-6933

*filed electronically on September 10, 2007*
MARC H. ROBERT
ROBERT E. KINNEY
Assistant Federal Public Defenders
Las Cruces Office

*Counsel for Larry Lujan*


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Discovery and Inspection was served on the following persons on September 10, 2007:

Maria Armijo
Mark A. Saltman
Assistant United States Attorneys
555 S. Telshor, Suite 300
Las Cruces, New Mexico 88011

Jess R. Lilley
1014 S. Main
Las Cruces, New Mexico 88005
*Counsel for Mr. Lamunyon*

Billy R. Blackburn
1011 Lomas Blvd NW
Albuquerque, New Mexico 87102
*Counsel for Mr. Medina*

Michael L. Stout
910 Lake Tahoe Ct.
Las Cruces, New Mexico 88007
*Counsel for Mr. Lamunyon*

*filed electronically on September 10, 2007*
MARC H. ROBERT

L:\Robert\lujan\discovery pleadings\final discovery motions\omnibus discovery motion.wpd

**MOTION FOR DISCOVERY AND DISCLOSURE - PAGE 15**