IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § v. § § LARRY LUJAN, KACEY LAMUNYON § and EUGENIO MEDINA, § § Defendants. § | Cause No. CR 05-924 RB |

**MR. LUJAN'S MOTION FOR DISCLOSURE OF ROUGH INTERVIEW NOTES AND INCORPORATED MEMORANDUM**

LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, Assistant Federal Public Defenders Marc H. Robert and Robert E. Kinney, moves this Court for an order requiring the disclosure of all rough notes, as described herein, made and to be made during the course of the investigation of matters relevant to this case, and in support of his motion, Mr. Lujan would respectfully show the Court as follows:

1.  Mr. Lujan is charged in a Third Superseding Indictment with kidnaping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2, and murder with the intent to prevent the communication of information to federal authorities, in violation of 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C. § 2 [Doc. 145]. Not guilty pleas were entered for Mr. Lujan at his arraignment on July 18, 2007. On July 12, 2007, the government filed a notice of intent to seek the death penalty in this case [Doc. 146]. The Third Superseding Indictment includes special findings (a) through (i) relating to the government's intent. Trial in this cause is scheduled for August 15, 2008.

2. Mr. Lujan requests that the Court order that the government retain and disclose to the defense any and all rough interview notes taken by government agents (including any local, state or federal law enforcement officers or agents), lawyers, or their respective representatives, employees or designees, during the course of interviews with any person questioned during the investigation of this case.

3. It is the practice of conscientious law enforcement officers to take notes during an interview, particularly if the interview is not being electronically recorded. The officers, as well as the prosecutors, will doubtless use those notes in preparation for further investigation, motion hearings and trial.

4. Mr. Lujan is entitled to the disclosure of the requested notes based on the Fifth, Sixth, and Eighth Amendments to the United States Constitution, the Jencks Act (18 U.S.C. § 3500) and Fed.R.Crim.P.16.

5. In *United States v. Harrison,* 524 F.2d 421 (D.C. Cir. 1975), the D.C. Circuit held that the court, not a government agent, should decide whether rough interview notes are discoverable; that the court, not a government agent, should decide what constitutes a producible "statement" under the Jencks Act; that agents' rough, handwritten notes are potentially discoverable material the government is required to be preserve and produce even if the notes were not discoverable under the Jencks Act; and that destruction of agents' rough notes after preparation of witness interview reports is unjustifiable either on the grounds that preservation of the notes would impose an intolerable burden on the investigative agency or that all of the information was preserved in the report.

6. In *United States v. Harris*, 543 F. 2d 1247 (9th Cir. 1976) the Ninth Circuit adopted *Harrison* and held that the FBI must preserve original notes taken by agents during interviews with prospective government witnesses or with an accused since the preservation of such evidence is necessary in order to permit courts to play their proper role in determining what evidence must be produced pursuant to the Jencks Act, Rule 16 of the Federal Rules of Criminal Procedure and other applicable law. The Ninth Circuit reached this decision even though the substance of the interview had been recorded in a formal 302 report. See also, *United States v. Johnson*, 337 F.2d 180, 201-202 (9th Cir. 1975) ("One of the purposes of both the Jencks decision and the Jencks Act is to afford the defense an opportunity to impeach witnesses. The destruction of interview notes does not advance this purpose."). In addition to recognizing that rough notes may constitute Jencks Act statements, the court noted, citing *Harrison*, that Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963), provide independent foundations requiring the preservation and disclosure of rough interview notes. 543 F.2d.at 1251.

7. In *Harris*, the defendant claimed prejudicial error in the failure of the FBI agent to preserve and disclose his rough interview notes notwithstanding the fact that the agent's 302 report was supplied. The defendant contended that the destruction of the rough notes foreclosed any inquiry into possible discrepancies between the original impressions of the agent and the more studied description of the interview contained in the 302 report and, therefore, limited cross-examination of the agent as to any comments attributed to the appellant by the agent. *Id*. at 1249. The Ninth Circuit concluded in the unique circumstances of Harris' case that the trial judge's refusal to strike the testimony of the FBI agent because

the notes were not produced was harmless error.  The Court reasoned that "Harris does not assert that the FBI agent misstated during his testimony at trial what had been related to him during the interview.  Although Harris indicated that he did not remember saying everything that had been attributed to him by the agent, he does not claim that the agent lied.  Nor does the appellant contend that the version of the interview record in the 302 report was incomplete or inaccurate.  Moreover, as noted earlier, the agent's testimony was actually favorable to the appellant... ."  *Id*. at 1253.

8.	As indicated in *Harris*, "several circuits have recently ruled that rough notes taken by a government agent in an interview with the accused or written summaries of a defendant's oral statements are discoverable under Rule 16 of the Federal Rules of Criminal Procedure."  *Id*. at 1252.

9.	This request applies to notes taken by prosecutors as well as to those taken by law enforcement officers.  The fact that the notes are taken by government counsel as opposed to case agents should be of no moment regarding the defense's discovery rights if the notes merely record the statements of a witness rather than constituting work product.  In *Paradis v. Arave*, 130 F.3d 385 (9th Cir. 1997), the Ninth Circuit considered whether the State violated *Brady v. Maryland*, *supra*, "when it withheld notes made by prosecutor Mark Haws at a briefing on the medical evidence."  *Id.* at 391-392.  Paradis claimed that these notes contained "evidence that would have impeached the testimony of . . . the prosecution's expert witness."  *Id*. at 392.  The Ninth Circuit found a *Brady* violation because "[t]he evidence probably would have impeached Dr. Brady's testimony in its important respects."  *Id*.

10. Finally, the charges in this case, which could subject Mr. Lujan to the death penalty, require that this Court exercise its inherent power to order the government to disclose information necessary to an effective defense. Capital punishment is qualitatively different from any other form of criminal penalty the government may impose. *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976). Death is the most irrevocable of sanctions. *Gregg v. Georgia*, 428 U.S. 153, 187 (1976). The severity of the penalty of death demands a "heightened 'need for reliability in the determination that death is the appropriate punishment in a specific case.'" *Caldwell v. Mississippi*, 472 U.S. 320, 323 (1985) (citing *Woodson v. North Carolina*, 428 U.S. at 305). The procedures in this case must insure the heightened degree of reliability which is required to comport with the requirements of the Eighth Amendment. *Gregg v. Georgia*, 428 U.S. at 187.

11. For all of the foregoing reasons, the Court should require the government to produce all rough interview notes for in-camera review by the court. Alternatively, or following such in-camera review, the Court should order that the portions of the notes not containing work product or other privileged information should be disclosed to the defense.

12. The undersigned counsel has conferred with Assistant United States Attorneys Maria Armijo and Mark A. Saltman concerning this motion. The government opposes this motion.

WHEREFORE, LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, respectfully prays that this Court will grant the relief requested herein, and grant such other and further relief to which the Court may find Mr. Lujan to be justly entitled.

Respectfully Submitted,

FEDERAL PUBLIC DEFENDER
500 S. Main St., Suite 600
Las Cruces, NM 88001
(505) 527-6930
Fax (505) 527-6933

*filed electronically on September 10, 2007*
MARC H. ROBERT
ROBERT E. KINNEY
Assistant Federal Public Defenders
Las Cruces Office

*Counsel for Larry Lujan*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Discovery of Rough Notes was served on the following persons by e-mail and physical service on September 10, 2007:

| | |
|---|---|
| Maria Armijo<br>Mark A. Saltman<br>Assistant United States Attorneys<br>555 S. Telshor, Suite 300<br>Las Cruces, New Mexico 88011 | Billy R. Blackburn<br>1011 Lomas Blvd NW<br>Albuquerque, New Mexico 87102<br>*Counsel for Mr. Medina* |
| Jess R. Lilley<br>1014 S. Main<br>Las Cruces, New Mexico 88005<br>*Counsel for Mr. Lamunyon* | Michael L. Stout<br>910 Lake Tahoe Ct.<br>Las Cruces, New Mexico 88007<br>*Counsel for Mr. Lamunyon* |

*filed electronically on September 10, 2007*
MARC H. ROBERT

L:\Robert\lujan\discovery pleadings\final discovery motions\rough notes motion.wpd