IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. CR 05-924 RB |
| LARRY LUJAN, KACEY LAMUNYON and EUGENIO MEDINA, | § § § § | |
| Defendants. | § | |

**MR. LUJAN'S MOTION FOR DISCOVERY OF INFORMATION AND MATERIALS CONCERNING AGGRAVATING SENTENCING FACTORS AND INCORPORATED MEMORANDUM**

LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, Assistant Federal Public Defenders Marc H. Robert and Robert E. Kinney, moves the Court for an Order requiring the prosecution to produce pretrial the following described information relating to any claimed statutory and non-statutory aggravating factors suggested by the government as supporting the government's effort to execute Mr. Lujan, and in support of his motion, Mr. Lujan would respectfully show the Court as follows:

1.  Mr. Lujan is charged in a Third Superseding Indictment with kidnaping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2, and murder with the intent to prevent the communication of information to federal authorities, in violation of 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C. § 2 [Doc. 145]. Not guilty pleas were entered for Mr. Lujan at his arraignment on July 18, 2007. On July 12, 2007, the government filed a notice of intent to seek the death penalty in this case [Doc. 146]. The Third Superseding Indictment includes

special findings (a) through (i) relating to the government's intent. Trial in this cause is scheduled for August 15, 2008.

2. The Notice of Intent to Seek the Death Penalty (hereinafter "Death Notice") presents various statutory and non-statutory aggravating factors which, the government maintains, will support the submission of the case to the jury for imposition of a penalty of death. Mr. Lujan requests disclosure of all information which supports each of the government's various claims.

3. Mr. Lujan has filed a motion for Bill of Particulars requesting additional information in the Notice of Intent to Seek the Death Penalty. The information requested herein addresses many of the same areas of inquiry as are addressed herein. In the event that the Court determines that the Third Superseding Indictment and the Notice of Intent to Seek the Death Penalty are facially adequate and denies the Motion for Bill of Particulars, Mr. Lujan maintains that the Constitution requires disclosure of the information requested herein for the reasons set forth below.

4. Mr. Lujan seeks all information supporting the government's claimed threshold statutory findings:

    4.1 that Larry Lujan intentionally killed Dana Joseph Grauke, as alleged in paragraph I(b) of the Death Notice;

    4.2 that Larry Lujan intentionally inflicted bodily injury on Dana Joe Grauke resulting in his death, as alleged in paragraph I(c) of the Death Notice;

   4.3  that Larry Lujan participated in an act contemplating that lethal force would be used during the course of that act, as alleged in paragraph I(d) of the Death Notice; and

   4.4  that Larry Lujan intentionally and knowingly engaged in an act of violence knowing that act created a grave risk of death to another person, and that Mr. Lujan's participation in that act constituted reckless disregard for human life, and that Dana Joe Grauke died as a result of such participation, as alleged in paragraph I(e) of the Death Notice.

  5.  Mr. Lujan seeks discovery and disclosure of all information and material supporting the government's claimed statutory aggravating factors:

   5.1  that Larry Lujan caused the death of Dana Joe Grauke during the commission of the crime of kidnaping, as alleged in paragraph II(a) of the Death Notice;

   5.2  that Larry Lujan committed the offense in an especially heinous, cruel or depraved manner in that it involved torture or serious physical abuse, as alleged in paragraph II(b) of the Death Notice;

   5.3  that Larry Lujan committed the offense after substantial planning and premeditation to cause the death of Dana Joe Grauke, as alleged in paragraph II(c) of the Death Notice; and

   5.4  that Dana Joe Grauke was particularly vulnerable due to infirmity, as claimed in paragraph II(d) of the Death Notice.

  6.  Mr. Lujan requests disclosure of all information and materials supporting or tending to support the government's claimed non-statutory aggravating factors in the Death Notice:

        6.1    that Larry Lujan committed the offense in order to prevent the disclosure of information to a law enforcement officer regarding the crimes of kidnaping and drug trafficking, as alleged in paragraph III(a) of the Death Notice;

        6.2    that Larry Lujan represents a danger to the lives and safety of other people in the future, based on an alleged continuing pattern of violence, as alleged in paragraph III(b)(1) of the Death Notice;

        6.3    that Larry Lujan represents a danger to the lives and safety of other people in the future, based on an alleged low rehabilitative potential, as demonstrated by acts of institutional misconduct, as alleged in paragraph III(b)(2) of the Death Notice;

        6.4    that Larry Lujan has demonstrated a lack of remorse for the death of Dana Joe Grauke;

        6.5    the nature and extent of the impact of the death of Dana Joe Grauke, as discussed in paragraph III(c) of the Death Notice.

        7.    This request for discovery and disclosure is based on the Fifth, Sixth and Eighth Amendments to the United States Constitution.

        8.    The due process clause of the Fifth Amendment compels the advance production by the government of "evidence and information" which will be offered in aggravation of sentence. In *Gardner v. Florida*, 430 U.S. 349, 358 (1977), the Supreme Court stated: "It is now clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the due process clause... the defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence...".

9.  Since *Gardner*, it has been clear that the "...fundamental principles of procedural fairness apply with no less force at the penalty phase at any criminal trial." *Presnell v. Georgia*, 439 U.S. 14, 16 (1978). At the core of this right to procedural due process is the "guarantee of an opportunity to be heard and its corollary, a promise of prior notice." L. Tribe, *American Constitutional Law* at 550-51 (1978). The Sixth Amendment similarly requires adequate notice. *See generally*, *Givens v. Housewright*, 786 F.2d 1378 (9th Cir. 1986).

10.  "A person's right to reasonable notice of the charge against him and an opportunity to be heard in his defense – a right to his day in court – are basic in our system of jurisprudence." *In re Oliver*, 333 U.S. 257, 273 (1948). Due process requires notice which includes disclosure of "the specific issues [an accused] must meet." *In re Gault*, 387 U.S. 1, 33-34 (1967). *See also In re Ruffalo* 390 U.S. 544 (1968).

11.  Courts in various jurisdictions have held that a lack of notice of the evidence to be submitted at a capital sentencing trial is fundamentally unfair. *See e.g.*, *People v. Walker*, Cal Rtpr. 169, 180 (1985); *Wright v. State*, 335 S.E.2d 857, 863-864 (Ga. 1985); *State v. Hamilton*, 478 So.2d 123, 129 (La. 1985); *Greene v. State*, 713 P.2d 1032, 1038 (Ok. 1985) (dicta). Denial of this motion will deny defendant his right to effective assistance of counsel and "the opportunity to participate fully, and fairly in the adversary factfinding process." *Herring v. New York*, 422 U.S. 853, 858 (1975).

12.  "[T]he fundamental requisite of due process of law is the opportunity to be heard," *Grannis v. Ordean*, 234 U.S. 385, 394...(1914), a right that "has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to ... contest." *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950). While the

Supreme Court has never addressed whether, and to what extent, the due process clause requires adequate notice of "information or evidence" to be presented in aggravation (or which might be perceived as aggravating) the Court has held that due process was violated by capital sentencing, where, at the time of sentencing, defendant and his counsel did not have adequate notice that the judge might sentence a defendant to death. *Lankford v. Idaho*, 111 S.Ct. 1723 (1991). Reiterating that the death penalty is "different", 111 S.Ct. at 1732, the Court stated that "notice of issues to be resolved by the adversary process is a fundamental characteristic of a fair procedure." *See Baldwin v. Hale*, 1 Wall. 223, 233, 17 L.Ed.531 (1864) ("Common justice requires that no man shall be condemned in his person or property without notice and an opportunity to make his defense."). "[W]ithout such notice" of the information or evidence the government may present which is aggravating, or may be perceived as such by the jury, the sentencer is "denied the benefit of the adversary process." *Lankford*, 111 S.Ct. at 1733.

13.     In order that Mr. Lujan have an opportunity to meet these serious allegations at the gravest portion of the trial for his life, Mr. Lujan prays that the Court order the disclosure of all information and material which the government possesses which supports or tends to support the allegations contained in the death notice.

14.     The undersigned counsel has conferred with Assistant United States Attorneys Maria Armijo and Mark A. Saltman on this motion. The government opposes this motion.

WHEREFORE, LARRY LUJAN, Defendant, by and through the undersigned appointed counsel, respectfully prays that this Court will grant the relief requested herein, and grant such other and further relief to which the Court may find Mr. Lujan to be justly entitled.

>Respectfully Submitted,
>
>FEDERAL PUBLIC DEFENDER
>500 S. Main St., Suite 600
>Las Cruces, NM  88001
>(505) 527-6930
>Fax (505) 527-6933
>
>*filed electronically on September 10, 2007*
>MARC H. ROBERT
>ROBERT E. KINNEY
>Assistant Federal Public Defenders
>Las Cruces Office
>
>*Counsel for Larry Lujan*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Discovery of Information and Materials Concerning Aggravating Sentencing Factors was served on the following persons by e-mail and physical service on September 10, 2007:

| | |
|---|---|
| Maria Armijo<br>Mark A. Saltman<br>Assistant United States Attorneys<br>Telshor, Suite<br>Las Cruces, New Mexico | Billy R. Blackburn<br>1011 Lomas Blvd NW<br>Albuquerque, New Mexico 87102<br>*Counsel for Mr. Medina* |
| Jess R. Lilley<br>1014 S. Main<br>Las Cruces, New Mexico 88005<br>*Counsel for Mr. Lamunyon* | Michael L. Stout<br>910 Lake Tahoe Ct.<br>Las Cruces, New Mexico 88007<br>*Counsel for Mr. Lamunyon* |

>*filed electronically on September 10, 2007*
>MARC H. ROBERT

L:\Robert\lujan\discovery pleadings\final discovery motions\aggravation discovery motion.wpd

**MOTION FOR DISCOVERY REGARDING AGGRAVATING FACTORS - PAGE 7**